[No. 53639-2. En Banc. September 10, 1987.]

SHERYL SINGLETON, *Plaintiff,* v. PATRICIA FROST, *as Executrix,* ET AL, *Respondents,* ALLEN J. SHONTZ, ET AL, *Petitioners.*

*Richard B. Sanders,* for petitioners.

*David M. Abercrombie,* for respondents.

CALLOW, J.—This case questions the scope of a trial judge's discretion, if any, to deny reasonable attorney's fees to the prevailing party in a suit on a contract providing that such fees shall be paid.

On April 16, 1980, the petitioner, Allen Schontz, loaned the marital community of Fay and Jo Ann Frost $15,000 in return for a promissory note secured by a deed of trust to a 40–acre parcel of community real estate referred to as the "High Rock" property. Although the promissory note bore the signatures of both Fay and Jo Ann Frost, Jo Ann Frost's signature had been forged.

The Frosts commenced dissolution proceedings in July 1980, which culminated in a decree of dissolution on May 10, 1981.

On January 20, 1981, Sheryl Singleton loaned Fay Frost $10,000 in exchange for a promissory note secured by a deed of trust to a 3½–acre parcel of real estate which was

Fay Frost's separate property. The next day, January 21, 1981, Mr. Shontz agreed to relinquish his interest in the High Rock property in exchange for what he believed would be a first lien position on the 3½–acre parcel. Unbeknownst to Mr. Shontz, his lien was recorded 1 day after the deed of trust in favor of Ms. Singleton.

Ms. Singleton commenced this action seeking judgment against Fay Frost and priority over Shontz. Shontz cross–claimed against Fay and Jo Ann Frost seeking judgment for their delinquency on the promissory note delivered to Shontz plus an award of reasonable attorney's fees. Fay Frost died prior to trial, but the action continued against his estate.

The case was tried to the court. Circumstantial evidence presented at trial suggested that Fay Frost had received a check in the sum of $15,000 from Shontz, but had immediately returned $4,000 in cash to Shontz as part of the loan agreement. The trial court found in favor of Singleton rendering judgment against Frost and granting her lien priority over Shontz. The trial court also found in favor of Shontz, awarding Shontz a judgment of $12,446.10 against the Frost estate and the community assets in the possession of Jo Ann Frost. This sum constituted the principal and interest owed on the $15,000 note to Shontz, reduced by the sum of $4,000 allegedly paid to Shontz as a kickback.

The trial court acknowledged in a finding of fact that "Allen Shontz has incurred reasonable attorney fees and expenses of litigation in connection with the identified obligation" and in a conclusion of law stated that "Fay Frost individually and the assets of the marital community of Fay Frost and Jo Ann Frost in the possession of Jo Ann Frost are indebted to defendant Allen Shontz in the sum of $12,466.10 for principal and accrued interest as of the 1st day of December, 1983, together with statutory attorneys fees in the sum of $100." The court's finding and conclusion are reflected in its award of $12,466.10 to Allen Schontz for "principal, pre–judgment interest and statutory attorneys fees." The trial court made no award of reasonable attor-

ney's fees in favor of Shontz, although it awarded the plaintiff, Sheryl Singleton, $10,000 in "reasonable attorney's fees", plus $100 in statutory attorney's fees and $75 in costs. The trial court did not state any distinction between the two situations to explain why it awarded reasonable attorney's fees to Singleton, but denied them to Shontz.

After trial, Jo Ann Frost moved to amend the pleadings to include a defense that the promissory note to Shontz was usurious because of the claimed $4,000 "kickback" paid at the time the note was issued. The trial court denied the motion and found that the defense of usury had not been sufficiently pleaded and that the defendants were estopped from relying upon usury as a defense.[1]

Shontz appealed, claiming that the trial court improperly discounted his judgment by $4,000, and that the trial court's refusal to award him reasonable attorney's fees (as well as the trial court's award of attorney's fees to Jo Ann Frost) was reversible error. Jo Ann Frost cross–appealed claiming that the trial court abused its discretion denying her post–trial motion to amend the pleadings to include a claim for usury.

The Court of Appeals affirmed the denial of reasonable attorney's fees to Shontz, affirmed the $4,000 discount of the Shontz judgment, affirmed the refusal to permit the

---

[1]     Deposit of Check, Endorsement and Partial Repayment

The $15,000 check was endorsed by Fay Frost but not by Jo Ann Frost. The check was, however, deposited by Fay Frost in a joint banking account he maintained with his wife at the Juanita branch of the Seattle First National Bank. Pursuant to the signature card executed by both Fay and Jo Ann Frost, and accompanying agreement, either spouse was appointed as the agent of the other with respect to transactions involving the account, including the right of one spouse to endorse a joint payee check and binding the other spouse with the endorsement.

At the time of the deposit Fay Frost withdrew $4,000 which was received by Allen Shontz as an undocumented "kickback". Said "kickback" should be considered as prepaid interest, and as such would make the Shontz–Frost note usurious. Unfortunately, usury is an affirmative defense and must be pleaded. It was not, and the proof of the usuriousness of the transaction was circumstantial and not established in evidence in a manner in which the pleadings can be deemed amended by evidence admitted without objection.

belated amendment by Jo Ann Frost, reversed the award of attorney's fees to Jo Ann Frost and refused to award Shontz reasonable attorney's fees on appeal.

We accepted review *solely* on the issue of whether it was within the trial court's discretion to deny Shontz reasonable attorney's fees where such fees were specifically provided for in the promissory note. The timeliness of the motion to amend and the validity of the trial court's disposition of the alleged $4,000 "kickback" are not before us on appeal.

We hold that the trial court has discretion regarding the amount of attorney's fees which are reasonable, but that where a contract provides for an award of reasonable attorney's fees to the prevailing party, such an award must be made.

■■ RCW 4.84.330 states that a contract containing an attorney's fees provision entitles the prevailing party in an enforcement action to recover reasonable attorney's fees and costs:

> RCW 4.84.330 Actions on contract or lease which provides that attorney's fees and costs incurred to enforce provisions be awarded to one of parties—Prevailing party entitled to attorney's fees—Waiver prohibited. In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.
>
> Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract or lease which is entered into after September 21, 1977. Any provision in any such contract or lease which provides for a waiver of attorney's fees is void.
>
> As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

2A N. Singer, *Statutory Construction* § 57.03 (4th ed. 1984) states as follows:

Where the language of a statute is clear and unambiguous, courts may hold that the construction intended by the legislature is obvious from the language used. The ordinary meaning of language should always be favored. The form of the verb used in a statute, i.e., something "may," "shall" or "must" be done, is the single most important textual consideration determining whether a statute is mandatory or directory. . . .

. . . "Ordinarily, the use of the word 'shall' in a statute carries with it the presumption that it is used in the imperative rather than in the directory sense. . . ."

(Footnotes omitted.) This rule was explained and applied to a statutory provision of reasonable attorney's fees under a garnishment statute in *Burr v. Lane,* 10 Wn. App. 661, 677–78, 517 P.2d 988 (1984), which held:

Whether the word "shall" is to receive a mandatory or permissive interpretation is a matter of legislative intention. *Spokane County ex rel. Sullivan v. Glover,* 2 Wn.2d 162, 97 P.2d 628 (1940). As pointed out in *Snyder v. Cox,* 1 Wn. App. 457, 462 P.2d 573 (1969), a garnishment case in which the court held the word "shall" used in a portion of RCW 7.32.160 is mandatory:

If the right of anyone depends upon giving the word *shall* an imperative construction, the presumption is that *shall* is used in reference to that right or benefit, and it receives a mandatory interpretation.

*Snyder v. Cox, supra* at 462. *See also Jordan v. O'Brien,* 79 Wn.2d 406, 486 P.2d 290 (1971). The apparent purpose of the attorney's fee provision in the garnishment statute is to encourage garnishees, who are involuntarily involved in litigation in which they are commonly strangers, to answer truthfully. RCW 7.33.290, in part above quoted, appears to call for general and uniform application. No exceptions are made. There is no appropriate language suggesting the right to the fee is in the court's discretion. The legislative use of the word "shall" rather than "may" in the quoted phrase "shall abide the issue of such contest," is consistent with and strengthens the case for the interpretation of the statute suggested. The word "shall" in statutes providing an attorney's fee to a garnishee defendant has been given an imperative meaning. A court is required to permit recovery of an

attorney's fee, its only discretion being as to amount. *Carter v. First Nat'l Bank,* 15 Ga. App. 55, 82 S.E. 628 (1914); *Dallas Packing Co. v. Kimberling,* 289 S.W. 149 (Tex. Civ. App. 1926). *See* 38 C.J.S. *Garnishment* § 264(b)(2), at 524 n.95 (1943).

Similar language providing for an award of attorney's fees in RCW 4.84.330 is also mandatory. There is no authority to support an interpretation of RCW 4.84.330 other than as mandating an award of reasonable attorney's fees to the prevailing party where a contract so provides. An interpretation allowing the trial court to deny recovery of reasonable attorney's fees at its discretion or whim would render the statute meaningless.

The promissory note executed by Fay Frost (on which Jo Ann Frost's signature was forged) contains a standard clause providing that attorney's fees and costs expended in collecting on the note will be paid by the debtor. In its entirety, the note provides:

Promissory Note
(Straight)

$15,000.00          April 16, 1980

Ninety Days (90) after day, without grace, for value received We, Fay Allan Frost and Jo Ann Frost, His Wife promise to pay to Al Shontz as his sole and separate estate or order, at 16950 28th Ave. N.E. Seattle, Washington the sum of Fifteen Thousand Dollars and No Cents Dollars with interest thereon at the rate of 12 per cent per annum from date hereof, payable within ninety days (90). Principal and interest payable at the office of Robert Keenan and Assoc., 16950 28th Ave. N.E. Seattle, Washington at       . If any interest shall remain unpaid after due, this note shall be due and payable at once without further notice at the option of the holder thereof.

This note shall bear interest at the rate of twelve per cent per annum after maturity or after failure to pay any interest payment, *and if this note shall be placed in the hands of an attorney for collection or suit shall be brought to collect any of the principal or interest of this note I promise to pay a reasonable attorney's fee.* Each

maker of this note executes the same as a principal and not as a surety.

/s/ Fay Allen Frost
/s/ Jo Ann Frost [forged]

(Italics ours.) The attorney's fee provision in this note is required to be enforced in favor of the prevailing party under RCW 4.84.330.

The denial of attorney's fees in circumstances such as this is not "within the ambit of broad trial court discretion". *Farwest Steel Corp. v. DeSantis,* 102 Wn.2d 487, 687 P.2d 207 (1984), *cert. denied,* 471 U.S. 1018 (1985) affirmed a denial of attorney's fees, but there the claim for fees was pursuant to a statute which provided:

> The court *may allow,* as part of the costs of the action, the moneys paid for filing or recording the claim, and a reasonable attorney's fee in the action.

(Italics ours.) *Farwest Steel,* at 493 (quoting RCW 60.08-.050). *Farwest Steel* held that the language of the lien statute is *permissive* in nature, leaving it within the discretion of the trial court to deny attorney's fees. By contrast, the promissory note and RCW 4.84.330 which apply in the present case contain mandatory language providing that the prevailing party "*shall* be entitled to reasonable attorney's fees". RCW 4.84.330.

*Wilkinson v. Smith,* 31 Wn. App. 1, 14, 639 P.2d 768 (1982) is also relied upon to justify the denial of attorney's fees. *Wilkinson* stated

> It is well settled that the trial court has the discretionary power to limit attorneys' fees to a reasonable amount. *Merrick v. Peterson,* 25 Wn. App. 248, 256, 606 P.2d 700 (1980). An abuse of discretion exists only where no reasonable person would take the position adopted by the trial court. *Griggs v. Averbeck Realty, Inc.,* 92 Wn.2d 576, 599 P.2d 1289 (1979).

We agree that the trial court has the power to limit an award of attorney's fees to a reasonable sum; however, this power does not extend to allow the complete denial of attorney's fees where the contract provides for their award.

The trial court, in the exercise of its discretion in setting

the amount of attorney's fees, is to consider a number of factors in determining what is reasonableness:

A determination of whether attorneys' fees are reasonable must be determined in light of the circumstances of each case. *In re Renton,* 79 Wn.2d 374, 377, 485 P.2d 613 (1971). The trial court has broad discretion in determining the amount of attorneys' fees. *E.g., In re Estate of Novolich,* 7 Wn. App. 495, 503, 500 P.2d 1297 (1972).

The Code of Professional Responsibility provides guidelines for determining reasonable attorneys' fees. *E.g., Kimball v. PUD 1,* 64 Wn.2d 252, 257, 391 P.2d 205 (1964). CPR DR 2–106(B) provides:

Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

*Daniels v. Ward,* 35 Wn. App. 697, 705, 669 P.2d 495 (1983). The opinion does not suggest that the trial court has the discretion to deny reasonable attorney's fees entirely.

The trial court is to take into account the amount involved and to set the award of fees with the total sum recovered in mind. The learned trial judge expressed himself eloquently and justifiably on the subject.[2] On remand

---

[2] "I have expressed dismay at having to face the question of attorneys' fees. I don't know why the Court's dismay is not evident. After all, we have a Promissory Note in the sum of $10,000 on the one hand, and a Promissory Note in the sum of $15,000 on the other hand, and we have at this point attorneys' fees requesting a

the guidelines of the Rules of Professional Conduct expressly require that the amount involved be considered in ascertaining reasonableness. The court may reduce the award of fees to that which it deems reasonable in light of the recovery on the note and fix a fee proportionate thereto. RPC 1.5.

Counsel for Jo Ann Frost argues that even if the prevailing party were entitled to recover reasonable attorney's fees, Mr. Shontz could not have been a prevailing party as against her since Mrs. Frost was found not to be individually liable and was dismissed from the suit. We agree that Jo Ann Frost is not individually liable to Shontz for his attorney's fees. Indeed Shontz does not seek to collect against Mrs. Frost in her individual capacity. However, he is clearly the prevailing party as against the estate of Fay Frost and the community property distributed to Jo Ann

---

total of some $40,000, which is clearly in excess of the amount of money in litigation. Now there's something wrong somewhere, gentlemen, and if you don't think there is, you are wrong.

"I don't quarrel with anybody's work product. . . . I am fully aware that you have spent a lot of time on this case and that you are entitled to compensation at a reasonable rate, and a reasonable rate includes the obligations of running an office and all of the other overhead that counsel are obligated to pay when they use an hourly time as a basis for figuring overhead and profit. That doesn't make my job any easier. $40,000 worth of attorneys' fees over $25,000 worth of Notes is ridiculous. The system isn't working and I'm not going to correct the system, I suppose, by leaning on counsel and making them absorb their own work product at a loss. But if you don't think it is frustrating, you are wrong. It is extremely frustrating.

"I am totally committed to our judicial system. I think it provides a reasoned and a civilized and safe means of disposing of problems that people have developed between themselves, but it is becoming enormously expensive and it is becoming so expensive that it is pricing itself out of the market, including credibility because of the pricing structure, and I am distressed because I think it is a weakness that has developed in the theory of the judicial system that simply can't be borne . . . in conscience by more and more people. I say that, again, without criticizing anybody's work product in any sense because there has been excellent work in this lawsuit and the issues have been complex. I have found it extremely difficult to deal with, and I'm certain that counsel have as well. But I find that dealing with attorneys' fees in coming up with some kind of a proportionate disposition that isn't totally crippling and isn't totally denying the fruits of just positions to the parties is very difficult. It is more difficult than the issues in the lawsuit itself."

Frost upon dissolution of her marriage. Shontz is entitled to recover his reasonable attorney's fees from the estate of Fay Frost and from those assets in the possession of Jo Ann Frost which were formerly the community property of the Frost marital community.

Finally, counsel for Jo Ann Frost argues that by awarding Mr. Shontz $100 in statutory attorney's fees, the trial court may have considered that award to constitute reasonable attorney's fees. We find this argument unpersuasive. Had the trial court intended the $100 to be reasonable attorney's fees, it would have labeled it as such in the award. Even if the trial court intended the $100 award of statutory attorney's fees to suffice as reasonable attorney's fees, such a decision would be an abuse of discretion. Although a trial court has discretion with regard to calculating reasonable attorney's fees, that discretion is not unbridled. We have set forth standards to be followed in determining reasonable attorney's fees and trial courts are obligated to heed those standards in arriving at an award of reasonable attorney's fees.

*Bowers v. Transamerica Title Ins. Co.,* 100 Wn.2d 581, 675 P.2d 193 (1983) accepted as the proper way to determine a reasonable attorney's fee the method recited in *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161 (3d Cir. 1973). *Bowers* states that the trial court should consider the total hours necessarily expended in the litigation by each attorney, as documented by counsel, and that the total hours expended should then be multiplied by each lawyer's reasonable hourly rate of compensation considering *inter alia* the difficulty of the problem, each lawyer's skill and experience and the amount involved. The court may also consider the quality of the work performed, but only if the level of skill has varied substantially from the norm of other attorneys possessing the same experience, qualifications and abilities. *Bowers,* at 597–99.

The Court of Appeals is reversed only on the failure to require the trial court to exercise its discretion in awarding

reasonable attorney's fees to Shontz. The cause is remanded to the trial court for that purpose. The determination of attorney's fees on appeal is also remanded to the trial court under the provisions of RAP 18.1. We deem that course proper and direct the trial court to include attorney's fees incurred on appeal in its calculation of the total of reasonable attorney's fees due Mr. Shontz.

UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, GOODLOE, and DURHAM, JJ., and HAMILTON, J. Pro Tem., concur.