15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD., Plaintiff-Appellant,
v.
AK-WA INC., a Washington corporation, Defendant-Appellee.
 No. 92-36603.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1993.
Decided Dec. 30, 1993.
 
 Before: GOODWIN, CANBY and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Signal Mutual Indemnity Association, Ltd. (Signal) brought a diversity action in district court against AK-WA, Inc. for breach of contract, winning a judgment of approximately $550,000. Signal now appeals the district court's denial of its postjudgment motion for attorney's fees and costs pursuant to the contract and Washington law.
 
 BACKGROUND
 
 3
 Signal is an association that assists members in self-insuring for claims brought by employees under the Longshoreman and Workers' Compensation Act. AK-WA, Inc. is a ship repair and steel fabrication concern that joined Signal in 1988. Employer-members of Signal make monthly payments, referred to as "calls," to Signal to create cash reserves that are used to pay employee claims.
 
 
 4
 In late 1991, Signal filed a complaint alleging that AK-WA had breached the parties' contract by failing to pay advance calls. Signal alleged damages exceeding $700,000. Signal also sought attorney's fees pursuant to a clause in the parties' contract. The contract provided:
 
 
 5
 [I]n the event [AK-WA] fail[s] to pay any premium or lawful assessment within thirty (30) days of the date the same shall become due, [AK-WA] shall pay all costs of collection thereof, including reasonable attorney's fees.
 
 
 6
 In its answer, AK-WA asserted numerous defenses and counterclaims, alleging breach of contract and warranty, as well as negligence, and misrepresentation. AK-WA sought affirmative relief, including an equitable accounting, a constructive trust and damages exceeding $500,000.
 
 
 7
 At the conclusion of trial, the district court decided that each party had breached the contract. It found that AK-WA was not liable for certain "release calls" because they were contrary to the contract and applicable law. However, the district court found AK-WA liable for several other categories of calls that it had failed to pay. The district court denied AK-WA recovery on all of its counterclaims and denied any affirmative relief. Ultimately, it entered judgment for Signal for $547,211.25.
 
 
 8
 The district court refused to award attorney's fees to either AK-WA or Signal. Signal moved the court to reconsider its denial of fees and costs and to amend the judgment to include such an award. The court denied the motion, ruling that "[e]ach party prevailed on major issues, and neither party is a 'prevailing party' under their insurance contract and Wash.Rev.Code Sec. 4.84.330." Signal appeals from this order.
 
 
 9
 We reverse and remand.
 
 ANALYSIS
 
 10
 We review de novo the district court's interpretation of state law. Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir.1992). In determining how to apply a state statute, we must predict how a state's highest court would resolve the issue. Dimidowich v. Bell & Howell, 803 F.2d 1473, 1482 (9th Cir.1986). Decisions by state intermediate appellate courts are indicia of how the state high court would decide a case. Id.
 
 
 11
 If a contract provides that attorney's fees and costs shall be awarded to one of the parties, Washington law provides that the prevailing party in an action on such a contract shall be entitled to reasonable attorney's fees and costs. Wash.Rev.Code Sec. 4.84.330. In Singleton v. Frost, 742 P.2d 1224, 1226-27 (Wash.1987), the Washington Supreme Court held that "[t]he ordinary meaning of language should always be favored" in interpreting this statute. Because the statute contains a mandatory "shall," the court ruled that this provision is not discretionary. Thus, a trial court has no discretion to deny reasonable attorney's fees to the prevailing party where a contract provides for the award of attorney's fees. Id.
 
 
 12
 The statute defines "prevailing party" as the party in whose favor final judgment is rendered. Wash.Rev.Code Sec. 4.84.330. The Washington Supreme Court has provided little additional guidance regarding who is a "prevailing party":
 
 
 13
 The "prevailing party" means the party in whose favor a final judgment is rendered for purposes of awarding attorney fees in an action on the contract. Stated differently, the "prevailing party" in a lawsuit is one who receives a judgment in his favor.
 
 
 14
 American Federal Savings & Loan Ass'n v. McCaffrey, 728 P.2d 155, 164 (Wash.1986) (citations omitted). Whether or not this test would be applied in the case of an inconsequential judgment, it is not difficult to determine the reasoning of the Washington Supreme Court in awarding fees in McCaffrey. It found that borrowers who succeeded against the lender in obtaining a higher "upset price" for property in a foreclosure sale "substantially prevailed," even though the borrowers did not attain as high an upset price as they sought. Id. Consequently, the McCaffrey court found that the borrowers were "prevailing parties" and awarded them attorney's fees.
 
 
 15
 In McGary v. Westlake Investors, 661 P.2d 971, 975 (Wash.1983), however, the Washington Supreme Court ruled that there was no prevailing party in a case where two parties essentially litigated to a draw. In McGary, tenants of a commercial office building brought a declaratory judgment action to prevent a landlord from increasing lease rates and imposing new parking fees. Id. at 972. Because the court ruled for the landlord on the rate increase, but for the tenants on the parking space issue, it held that there was no prevailing party. Id. at 975.
 
 
 16
 After reviewing McCaffrey and McGary, we conclude that the crucial question is whether the parties litigated essentially to a draw, as in McGary, or whether Signal substantially won, as the plaintiffs did in McCaffrey. As the briefs make painfully obvious, the cases in lower Washington courts are not very helpful in refining this issue. Each party was able to marshal significant lower court authority supporting its respective position.
 
 
 17
 Signal, for example, relies on Seattle First Nat'l Bank N.A. v. Siebol, 824 P.2d 1252 (Wash.Ct.App.1992) (finding that the plaintiff was the prevailing party even though on one issue the plaintiff had an offset judgment rendered against it); Silverdale Hotel v. Lomas & Nettleton Co., 677 P.2d 773 (Wash.Ct.App.1984) (borrower that sued for breach of construction loan agreement was entitled to damages for breach of contract and consequently was prevailing party even though damages were not as high as borrower asked for); and Stott v. Cervantes, 595 P.2d 563 (Wash.Ct.App.1979) (although plaintiff sued for $10,000 and rescission of a real estate contract, the appeals court reversed the trial court and found that the plaintiffs were prevailing parties even though they abandoned their rescission claim, were awarded only $3,419 in damages, and the defendants were awarded an offset judgment of $327).
 
 
 18
 AK-WA cites, among others, Marine Enter., Inc. v. Security Pac. Trading Corp., 750 P.2d 1290 (Wash.Ct.App.1988) (under a contract that awarded fees to the "substantially prevailing party," plaintiff who brought a suit for $600,000, lost on all major issues, was found to have materially breached the contract, and was awarded a net judgment of $5,701 for services rendered, was not the "substantially" prevailing party); Tallman v. Durussel, 721 P.2d 985 (Wash.Ct.App.1986) (holder of promissory note sued for the entire balance due on the note, but obtained only approximately half of the value of the note because the court determined that he failed to bring a compulsory counterclaim for payments that were delinquent during a prior suit between the parties; the court found no prevailing party because each party prevailed on a major issue); Puget Sound Serv. Corp. v. Bush, 724 P.2d 1127 (Wash.Ct.App.1986) (ruling that each party prevailed on a major issue and thus that neither party could obtain attorney's fees); and Rowe v. Floyd, 629 P.2d 925 (Wash.Ct.App.1981) (plaintiff sought $20,000 damages and forfeiture of the defendant's home; court declined to find that the plaintiff was a prevailing party because, although it recovered over $16,000 in damages, it failed to obtain forfeiture of the defendant's home).
 
 
 19
 Because we agree that cases in the lower courts do not materially aid us in determining how the Washington Supreme Court would resolve our case, we rely on the analysis we are able to glean from McCaffrey and McGary.
 
 
 20
 In this case, Signal and AK-WA did not litigate to a draw. The language of the judgment makes clear that Signal was "the party in whose favor final judgment was rendered." Signal's alleged damages were "in excess of $700,000" and it recovered almost eighty percent of this amount. AK-WA, on the other hand, failed to recover any of its alleged $500,000 damages under any of its claims for affirmative relief.
 
 
 21
 While it is unnecessary to address each of the lower court cases, the cases cited by AK-WA are consistent with our determination that Signal prevailed. In no lower court case in Washington has the plaintiff recovered such an overwhelming victory, winning such a substantial sum, and been denied attorney's fees. The fact that AK-WA fended off a portion of Signal's claim does not establish that AK-WA was also a prevailing party.
 
 
 22
 We therefore reverse the district court's determination that neither side prevailed and remand to the district court to award reasonable attorney's fees and costs to Signal, the prevailing party. In determining what attorney's fees are reasonable, the district court may consider the fact that Signal prevailed on less than all of its claims.[1]
 
 
 23
 Because Signal is also the prevailing party here, we award Signal reasonable attorney's fees and costs in this appeal. We remand to the district court the determination of the reasonable attorney's fees and costs on appeal.
 
 
 24
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Despite the theory expressed in Marassi v. Lau, 859 P.2d 605, 607-08 (Wash.Ct.App.1993), we decline to rule that AK-WA may obtain attorney's fees on the lone issue in which it prevailed