**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>LEODIS R. ROACH,<br><br>Defendant - Appellee. | No. 12-30075<br><br>D.C. No. 2:10-cr-00096-RHW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted March 6, 2013
Seattle, Washington

Before: FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

Appellant United States challenges the suppression of evidence discovered

by Washington State troopers during the search of a vehicle stopped for driving in

the left-hand lane of Interstate 90 in the absence of traffic.

Section 46.61.100(2) of the Washington Revised Code provides:

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

> Upon all roadways having two or more lanes for traffic moving in the same direction, all vehicles shall be driven in the right-hand lane then available for traffic, except (a) when overtaking and passing another vehicle proceeding in the same direction, (b) when traveling at a speed greater than the traffic flow, (c) when moving left to allow traffic to merge, or (d) when preparing for a left turn at an intersection, exit, or into a private road or driveway when such left turn is legally permitted.

Wash. Rev. Code. § 46.61.100(2); *see also id.* § 46.63.020 (providing that any violation of a section in Title 46 of the Wash. Rev. Code is a traffic infraction).

Because there is no state court decision interpreting this statutory provision, we must "predict how the highest state court would decide the issue." *Kekauoha-Alisa v. Ameriquest Mortgage Co.* (*In re Kekauoha-Alisa*), 674 F.3d 1083, 1088 (9th Cir. 2012) (citation omitted). Washington state courts begin statutory interpretation with the plain meaning of the statute, as "discerned from the ordinary meaning of the language at issue . . ." *Lake v. Woodcreek Homeowners Ass'n*, 243 P.3d 1283, 1288 (Wash. 2010) (en banc), *as amended*. Washington courts also give effect to all the language of the statute. *See id.*

Section 46.61.100(2) provides that a vehicle *shall* remain in the right-hand lane then available for traffic unless the vehicle is passing another vehicle, moving faster than the traffic flow, allowing traffic to merge, or preparing to make a left turn. In most cases, Washington courts have interpreted "shall" as conveying a

mandatory directive. *See Singleton v. Frost*, 742 P.2d 1224, 1226 (Wash. 1987) ("Ordinarily, the use of the word shall in a statute carries with it the presumption that it is used in the imperative rather than in the directory sense."). We do not agree with the district court that § 46.61.100(4)[1] overrides the mandatory language in § 46.61.100(2). Rather, we read the plain language of the statute as a whole to mandate use of the right-hand lane then available for traffic except in four specified circumstances, and to prohibit driving continuously in the left lane when doing so impedes the flow of traffic. Consequently, in the state of Washington, it is a traffic infraction to drive continuously in the left-hand lane of a two-lane divided highway in the absence of traffic.

Accordingly, Officer Clark's decision to stop the vehicle was based on reasonable suspicion because he observed the driver driving continuously in the left-hand lane of I-90 in violation of § 46.61.100. *See United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) ("[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. . . .") (citations omitted). Because the stop was based on reasonable suspicion that the driver was committing a traffic infraction, evidence discovered

---

[1] Section 46.61.100(4) provides: "It is a traffic infraction to drive continuously in the left lane of a multilane roadway when it impedes the flow of other traffic." Wash. Rev. Code § 46.61.100(4).

during the ensuing search was admissible in subsequent proceedings. *See United States v. Willis*, 431 F.3d 709, 717 (9th Cir. 2005).

**REVERSED AND REMANDED for further proceedings consistent with this disposition.**