COURT OF APPEALS D
2015 AUG 24 AM 8: 50



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JULIE ANN THOMAS, a single woman, )
                                                  )
          Appellant,                )
                                                  )
          v.                            )
                                                  )
J.R. LeVASSEUR and DONNA      )
LOUISE LeVASSEUR, husband and   )
wife, individually and the marital     )
community composed thereof,      )
                                                  )
          Respondents.          )
_____ )

DIVISION ONE

No. 72496-7-I

UNPUBLISHED OPINION

FILED: August 24, 2015

DWYER, J. — "Washington courts have repeatedly held that the absence of an adequate record upon which to review a fee award will result in a remand of the award to the trial court to develop such a record." Mahler v. Szucs, 135 Wn.2d 398, 435, 957 P.2d 632, 966 P.2d 305 (1998) (collecting cases). Here, the trial court failed to enter adequate findings of fact and conclusions of law to support the amount of its award of attorney fees and costs in favor of J.R. and Donna LeVassseur, the respondents in this matter. Thus, we must reverse the award and remand for further proceedings.

I

On January 29, 2014, Thomas filed a lawsuit against her parents—the LeVasseurs—in which she sought to quiet title to real property located in Seattle, Washington. Thomas also filed a lis pendens.

In early March 2014, the LeVasseurs brought a motion for summary judgment. Therein, they requested an award of attorney fees, costs, and expenses. In support of this motion, counsel for the LeVasseurs filed a fee declaration; an amended fee declaration was filed with their reply. According to counsel for the LeVasseurs, at that time, the total costs and fees amounted to $25,280.50.

On April 17, 2014, the trial court granted the LeVasseurs' motion for summary judgment, dismissing Thomas' complaint. In doing so, the court concluded that an award of attorney fees, costs, and expenses in favor of the LeVasseurs was appropriate pursuant to either CR 11 or RCW 4.28.328(3).[1] Furthermore, the court found "that the costs and expenses incurred by [the LeVassuers], including their attorneys' fees, were reasonable and necessary to defend the lawsuit initiated by Plaintiff." Nevertheless, the court deferred entry of an order specifying the amount of fees awarded, noting that "[t]his award may be reduced to judgment at Defendants' prerogative."

On April 23, Thomas filed a notice of appeal, wherein she sought review of several orders, including the aforementioned order granting summary judgment.[2] That appeal has been resolved by separate opinion.

Subsequently, on August 26, the trial court entered judgment against both

---

[1] This provision provides for the following:
Unless the claimant establishes a substantial justification for filing the lis pendens, a claimant is liable to an aggrieved party who prevails in defense of the action in which the lis pendens was filed for actual damages caused by filing the lis pendens, and in the court's discretion, reasonable attorneys' fees and costs incurred in defending the action.

[2] She also sought review of the "Order Denying Plaintiff's Motion for Leave to Amend," which was entered on April 17, 2014.

Thomas and her counsel of record in the amount of $26,280. Additionally, the court noted that Thomas had not requested a stay of the enforcement of the April 17 order granting summary judgment, and "therefore concludes it is authorized to cancel the Lis Pendens." The court stated that Thomas "must request a stay and post an appropriate bond to defer enforcement of the Court's prior decisions." The court directed Thomas to "file a supersedeas bond in the amount of $950,000 pending appeal," adding that the bond "shall be filed by Sept. 5, 2014."

Thomas neither requested a stay nor posted a supersedeas bond. Instead, on September 5, she released the lis pendens on the property in dispute and filed a notice of appeal, seeking review of both the "Order Granting Defendants' Motion to Enter Judgment and Remove Lis Pendens" and the judgment entered on August 26, 2014.[3] This appeal stems from the September 5 notice of appeal.

## II

Thomas contends that, even if the LeVasseurs were entitled to an award of attorney fees and costs, the trial court nonetheless abused its discretion. This is so, she asserts, because the amount awarded was unreasonable. We do not—and, indeed, cannot—decide whether the amount of the award was, in fact, unreasonable. Owing to the absence of necessarily specific findings of fact and conclusions of law, we cannot evaluate the propriety of the amount awarded.

---

[3] In her merits briefing, Thomas contends that the trial court erred in canceling the lis pendens and requiring her to post a supersedeas bond. During oral argument, however, counsel for Thomas conceded—and counsel for the LeVasseurs agreed—that these averments have been mooted by subsequent events. Accordingly, we do not further address them.

Accordingly, we must remand this cause back to the trial court for further proceedings.

Appellate courts exercise a supervisory role to ensure that a trial court's discretion in making an attorney fee award is properly exercised on articulable grounds. Mahler, 135 Wn.2d at 435. Therefore, such an award must be supported by findings of fact and conclusions of law sufficient to establish an adequate record for review. Mahler, 135 Wn.2d at 435. "Washington courts have repeatedly held that the absence of an adequate record upon which to review a fee award will result in a remand of the award to the trial court to develop such a record." Mahler, 135 Wn.2d at 435 (collecting cases).

"Courts must take an *active* role in assessing the reasonableness of fee awards . . . . Courts should not simply accept unquestioningly fee affidavits from counsel." Mahler, 135 Wn.2d at 434-35. "The total hours an attorney has recorded for work in a case is to be discounted for hours spent on 'unsuccessful claims, duplicated effort, or otherwise unproductive time.'" Miller v. Kenny, 180 Wn. App. 772, 823, 325 P.3d 278 (2014) (quoting Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983)). Such discounting is appropriate because "[f]ees are not penalties, but rather a cost of litigation." Absher Constr. Co. v. Kent Sch. Dist. No. 415, 79 Wn. App. 841, 847, 917 P.2d 1086 (1995). "A trial court does not need to deduct hours here and there just to prove to the appellate court that it has taken an active role in assessing the reasonableness of a fee request." Miller, 180 Wn. App. at 823. However, in order "to facilitate review, the findings must do more than give lip service to the

word 'reasonable.'" Berryman v. Metcalf, 177 Wn. App 644, 658, 312 P.3d 745 (2013), review denied, 179 Wn.2d 1026 (2014).

In reviewing the award in this matter, we are guided by the language of the lis pendens statute,[4] which limits an award to "reasonable attorneys' fees and costs incurred in defending the action." RCW 4.28.328(3). Given the circumstances, the trial court's award must compensate the LeVasseurs for their reasonable expenses in defending against the claims associated with the filing of the lis pendens.[5] Because the claimant's liability does not arise until the lis pendens is filed, the award cannot be based on any attorney work performed prior to that time.

While the trial court did enter findings and conclusions in this matter, they are conclusory. Hence, we are unable to ascertain whether the trial court considered any of Thomas's objections, which included averments that the fee declarations submitted by counsel for the LeVasseurs contained fees that were duplicative, excessive, and—importantly—unrelated to the filing of the lis pendens. Consequently, we are unable to determine from the record whether the award properly compensates the LeVassuers for their reasonable expenses incurred in defending against those claims upon which the filing of the lis pendens was based.

On remand, it will be incumbent upon the trial court to make and enter the

---

[4] As explained by separate opinion, the award of attorney fees and costs was not sustainable pursuant to CR 11.

[5] Unlike CR 11, which permits the imposition of monetary sanctions for both compensatory and punitive purposes, RCW 4.28.328(3) affords a court the discretion to award attorney fees and costs only for compensatory purposes.

necessary findings of fact and conclusions of law. The findings must indicate the manner in which the court resolved disputed issues of fact and the conclusions must explain the court's analysis in sufficient detail.

III

The LeVasseurs request an award of attorney fees on appeal. Where attorney fees are awarded at trial, the prevailing party may recover fees on appeal. RAP 18.1. Here, attorney fees were awarded at trial, where the LeVasseurs prevailed. As a partially prevailing party on appeal, they are also entitled to an award of attorney fees on appeal. To be clear, as against Thomas, the LeVasseurs have prevailed on the issue of whether an attorney fee award was allowable. However, Thomas prevailed on the issue of the amount of that award. On remand, the appellate fee award must appropriately segregate the work performed by LeVasseurs' counsel as to the successful and unsuccessful issues.

The award of attorney fees and costs is reversed and remanded for further proceedings. In addition, the trial court is tasked on remand with determining an appropriate award of attorney fees on appeal, as it is in the best position to safeguard against the risk of duplication or double recovery.

Reversed and remanded.

We concur:

-6-