## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BRITT EASTERLY, | No. 50297-6-II |
| Appellant, | |
| v. | |
| CLARK COUNTY, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Britt Easterly appeals the trial court's order awarding him attorney fees and costs and the trial court's order denying his motion for reconsideration related to the fees and costs incurred for Kesten Media's services at trial. We hold that the trial court's findings of fact are inadequate to review the attorney fee award. Accordingly, we reverse and remand for the trial court to enter appropriate findings of fact and conclusions of law.

### FACTS

Easterly prevailed before a jury on his hostile work environment claim under the Washington law against discrimination (WLAD), chapter 49.60 RCW, against Clark County. Under the WLAD, as a prevailing party, Easterly was entitled to recover reasonable attorney fees and costs.[1] Easterly filed a motion requesting an award of attorney fees and costs in the amount

---

[1] RCW 49.60.030(2) states, in part:

> Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees.

of $882,254.50. The motion included a request for (1) the reasonable hourly rate of $475.00 for Easterly's attorney, Thomas Boothe, (2) charges for Boothe's paralegals, (3) the recovery of fees for Kesten Media, a media and communication firm, which assisted at trial, and (4) a multiplier of 1.5 to the lodestar calculation of the reasonable hourly attorney fee based on the contingent nature of success, the risk involved in the case, and the extraordinary quality of Boothe's representation of Easterly.

After considering the materials, the declarations submitted by the parties, and the arguments, the trial court made the relevant following findings of fact:

2. A reasonable hourly rate for attorney time in this matter is $400 per hour.

. . . .

4. Technical support and courtroom assistance with video is not attorney or paralegal time and is not recoverable at a reasonable hourly rate. The amount actually expended in procuring such services, if reasonable, may be recovered as a cost, if these expenditures are properly documented.

. . . .

10. An increase of fees above the lodestar calculation is not warranted. The hourly rate used is at the higher end for legal work of a similar character in this area, and takes into account the skill and experience of the legal team and the difficulty and novelty of the factual and legal issues involved. The contingent agreement between the plaintiff and counsel and the risks inherent in litigating this type of case, including limits on the attorney's ability to take other work, do not justify the use of a multiplier in these circumstances.

Clerk's Papers (CP) at 500-02. The lodestar calculation for attorney fees was $440,000. After including the lodestar calculation for paralegal time, the trial court awarded attorney fees in the amount of $638,000. The trial court reserved the calculation of costs for Kesten Media so that Easterly could submit supplemental materials regarding the actual costs incurred for Kesten Media.

The trial court then awarded Easterly $13,000 for costs actually incurred for the services provided by Kesten Media.

Easterly filed a motion for reconsideration of the trial court's cost award for Kesten Media, arguing that it should have awarded reimbursement as attorney fees at a reasonable hourly rate, not as costs. The trial court ruled that the motion for reconsideration simply reasserted the same arguments that had previously been considered by the trial court and denied the motion.

Easterly appeals the trial court's order awarding attorney fees and costs and the trial court's order denying his motion for reconsideration regarding Kesten Media's services at trial.

ANALYSIS

As to the lodestar calculation, Easterly argues that the trial court abused its discretion by setting Boothe's reasonable hourly rate at $400 per hour instead of at $475 per hour. Easterly also argues that the trial court abused its discretion by refusing to include Kesten Media in the lodestar calculation. And Easterly argues that the trial court abused its discretion by declining to apply a 1.5 multiplier to the lodestar calculation.

The trial court committed reversible error by failing to enter adequate findings of fact and conclusions of law to support the attorney fees award. Accordingly, we reverse and remand for the trial court to enter adequate findings of fact and conclusions of law on the attorney fee award, including a proper determination of the relevant factors including the costs of litigation and a multiplier.

I. STANDARD OF REVIEW

For claims under the WLAD, a determination of reasonable attorney fees begins with a calculation of the "lodestar." *Chuong Van Pham v. Seattle City Light*, 159 Wn.2d 527, 538, 151

P.3d 976 (2007). The lodestar is calculated by multiplying a reasonable hourly rate times a reasonable number of hours. *Chuong Van Pham*, 159 Wn.2d at 538. We review an attorney fee award for an abuse of discretion. *Chuong Van Pham*, 159 Wn.2d at 538. The trial court abuses its discretion when its acts on untenable grounds or for untenable reasons. *Chuong Van Pham*, 159 Wn.2d at 538.

"'Courts must take an *active* role in assessing the reasonableness of fee awards, rather than treating cost decisions as a litigation afterthought. Courts should not simply accept unquestioningly fee affidavits from counsel.'" *Berryman v. Metcalf*, 177 Wn. App. 644, 657, 312 P.3d 745 (2013) (quoting *Mahler v. Szucs*, 135 Wn.2d 398, 434-35, 957 P.2d 632 (1998)). To this end, an attorney fee award must be supported by findings of fact and conclusions of law. *Berryman*, 177 Wn. App. at 658. A trial court's findings of fact and conclusions of law are too conclusory when "[t]here is no indication that the trial judge actively and independently confronted the question of what was a reasonable fee." *Berryman*, 177 Wn. App. at 658. When a party challenges specific aspects of the proposed attorney fee award, the trial court must make specific findings of fact addressing the contested issues. *Berryman*, 177 Wn. App. at 659. When the trial court has entered inadequate findings and conclusions, the appropriate remedy is to remand for the proper entry of findings of fact and conclusions of law that explain the basis for the attorney fee award. *Berryman*, 177 Wn. App. at 659.

## II. LODESTAR CALCULATION—REASONABLE HOURLY RATE

The trial court entered a conclusory finding of fact on Boothe's reasonable hourly rate for purpose of the lodestar calculation:

2. A reasonable hourly rate for attorney time in this matter is $400 per hour.

CP at 500.

This finding of fact is insufficient because the issue of Boothe's reasonable hourly rate was contested and both sides filed numerous declarations and other evidence supporting the arguments regarding what a reasonable hourly rate should be. There are numerous factors that should be considered when deciding a reasonable hourly rate, such as reasonable rates for the locality and the nine considerations in RPC 1.5(a). However the trial court's finding of fact does not demonstrate which of the factors, if any, the trial court relied on when reaching its determination on Boothe's reasonable hourly rate. By failing to identify the evidence it relied on or the reasoning it used to determine Boothe's hourly rate of $400, the trial court has failed to enter a finding of fact that is adequate for us to review.

Further, although the County argues that substantial evidence supports the hourly attorney fee rate of $400, the County does not cite any authority for the proposition that a conclusory and inadequate finding of fact can be cured if it is supported by substantial evidence in the record. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

The trial court's finding of fact regarding the reasonable hourly rate is inadequate to allow appellate review of the trial court's decision. Accordingly, we reverse the lodestar calculation and remand to the trial court to make adequate findings of fact regarding the reasonable hourly rate.

III.  KESTEN MEDIA SERVICES

The trial court entered the following relevant finding of fact regarding Kesten Media:

> 4. Technical support and courtroom assistance with video is not attorney or paralegal time and is not recoverable at a reasonable hourly rate.  The amount actually expended in procuring such services, if reasonable, may be recovered as a cost, if these expenditures are properly documented.

CP at 501.

The trial court's conclusion of law regarding Kesten Media is not adequately supported by the findings of fact.  There is nothing in the trial court's order that demonstrates that the trial court properly considered the six factors from *Absher* that are used to determine whether nonlawyer rates can be included in the lodestar calculation.  *Absher Constr. Co. v. Kent Sch. Dist. No. 415*, 79 Wn. App. 841, 917 P.2d 1086 (1995)

We consider six criteria for determining whether an attorney fee award for services by non-lawyers is appropriate:

> (1) the services performed by the nonlawyer personnel must be legal in nature;
>
> (2) the performance of these services must be supervised by an attorney;
>
> (3) the qualifications of the person performing the services must be specified in the request for fees in sufficient detail to demonstrate that the person is qualified by virtue of education, training, or work experience to perform substantive legal work;
>
> (4) the nature of the services performed must be specified in the request for fees in order to allow the reviewing court to determine that the services performed were legal rather than clerical;
>
> (5) as with attorney time, the amount of time expended must be set forth and must be reasonable; and

(6) the amount charged must reflect reasonable community standards for charges
by that category of personnel.

*Absher*, 79 Wn. App. at 845.

Whether Kesten Media's services were legal in nature and thus, should have been included in the hourly attorney fee rate, rather than as costs, was contested. In multiple affidavits and motions, Boothe asserted that at least some of the services provided by Kesten Media were legal in nature because they were similar to the work performed by a legal assistant at trial. But the trial court did not make any findings of fact regarding the nature of the work performed by Kesten Media to distinguish what type of work it performed or the character of the work it performed at trial. Nor are there any findings of fact regarding any other *Absher* factors. Accordingly, the trial court entered inadequate findings of fact regarding whether any of Kesten Media's services should have been included in the lodestar calculation.

We reverse and remand to the trial court to enter adequate findings of fact regarding whether Kesten Media's services should be included in the lodestar calculation.

## IV. MULTIPLIER

Here, the trial court's relevant finding of fact stated:

10. An increase of fees above the lodestar calculation is not warranted. The hourly rate used is at the higher end for legal work of a similar character in this area, and takes into account the skill and experience of the legal team and the difficulty and novelty of the factual and legal issues involved. The contingent agreement between the plaintiff and counsel and the risks inherent in litigating this type of case, including limits on the attorney's ability to take other work, do not justify the use of a multiplier in these circumstances.

CP at 501-02.

The trial court failed to enter complete findings of fact regarding whether a multiplier of 1.5 should be added to the lodestar calculation. Although multipliers are rarely imposed because the lodestar is presumed to be a reasonable attorney fee, there are two specific criteria that the trial court considers when determining whether a multiplier is warranted—the contingent nature of success and the quality of the work performed. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 598-99, 675 P.2d 193 (1983).

When determining whether a risk multiplier is warranted, the trial court considers the likelihood of success at the outset of litigation and the trial court considers whether a risk multiplier will result in duplication because the lodestar hourly rate comprehends the contingent nature of the representation. *Chuong Van Pham*, 159 Wn.2d at 542. The party requesting the adjustment has the burden to justify the request. *Chuong Van Pham*, 159 Wn.2d at 541. Occasionally a risk multiplier will be warranted because the lodestar does not adequately account for the high risk contingent nature of a case. *Chuong Van Pham*, 159 Wn.2d at 542. This is an appropriate consideration in WLAD cases because "the WLAD places a premium on encouraging private enforcement and . . . the possibility of a multiplier works to encourage civil rights attorneys to accept difficult cases." *Chuong Van Pham*, 159 Wn.2d at 542.

Here, the trial court did not enter any findings of fact regarding the likelihood of success at the time Boothe took Easterly's case. Nor did the trial court enter findings of fact related to the quality of work that was performed by Boothe. Because the trial court failed to enter findings of fact on all the required considerations for a multiplier, the findings of fact are inadequate.

No. 50297-6-II

As a whole, the trial court's findings of fact in this case are inadequate to demonstrate that the trial court actively and independently reviewed the reasonableness of the attorney fee request or to allow for meaningful appellate review.

We reverse and remand for the trial court to enter proper findings of fact on the contested issues.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

BJORGEN, C.J.

JOHANSON, J.

9