IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Estate of LAWRENCE X. SULLIVAN, | ) ) ) | No. 81206-8-I |
| Deceased. | ) ) | DIVISION ONE |
| STAFFORD HEALTH SERVICES, INC., a Washington corporation, d/b/a STAFFORD HEALTHCARE AT BELMONT, | ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondent, | ) ) | |
| v. | ) ) | |
| THE ESTATE OF LAWRENCE X. SULLIVAN and THE LAWRENCE AND ARLENE SULLIVAN LIVING TRUST and DEANNA MERKATZ AND "JOHN DOE" MERKATZ, individually and the marital community comprised thereof, | ) ) ) ) ) ) ) | |
| Appellants. | ) ) | |

SMITH, J. — The Estate of Lawrence X. Sullivan (Estate), the Lawrence and Arlene Sullivan Living Trust (Trust), and Deanna Merkatz, the Estate's personal representative, challenge the trial court's findings of fact and conclusions of law supporting an award of attorney fees to Stafford Health Services Inc. (SHS). We conclude that the record contains no admissible evidence to support an award of attorney fees incurred by the law firm Gig Harbor Law. We also conclude that the record does not contain sufficient

Citations and pin cites are based on the Westlaw online version of the cited material.

evidence to support the reasonableness of fees billed for paralegal work. Accordingly, we reverse in part and remand to the trial court to revise the attorney fees award to exclude fees incurred by Gig Harbor Law and by paralegals.  Otherwise, we affirm.

FACTS

In 2015, SHS filed a creditor's claim against the Estate for nursing services and care provided to Lawrence Sullivan, the deceased, under an "Admission and Financial Agreement" (Agreement) that had been executed by Merkatz.  After Merkatz rejected the claim, SHS filed a TEDRA[1] petition against the Estate, the Trust, and Merkatz (collectively Estate Parties).  The Estate Parties filed counterclaims against SHS, alleging, among other things, violation of the Consumer Protection Act (CPA), chapter 19.86 RCW, and damages under the abuse of vulnerable adults act (AVA), chapter 74.34 RCW.

In May 2017, the trial court dismissed the Estate Parties' counterclaims. Later, the trial court ruled on summary judgment that the Estate was liable to SHS for payment under the Agreement and based on unjust enrichment.  The trial court also dismissed SHS's claims against Merkatz individually.

After the trial court dismissed the Estate Parties' counterclaims and ruled on the Estate's liability to SHS, SHS filed a petition for an award of attorney fees and costs.  In its petition, SHS requested a total of $44,426.94 in fees and costs incurred by two law firms: (1) Andrews Skinner P.S. and (2) Gig Harbor Law. SHS asserted that it was entitled to a fee award under TEDRA and under the

---

[1] Trust and Estate Dispute Resolution Act, chapter 11.96A RCW.

2

Agreement.

The only declaration submitted in support of the fee petition was from attorney Pamela Andrews of the Andrews Skinner firm. Attached as exhibit 4 to Andrews' declaration were a number of Gig Harbor Law invoices, which Andrews averred in her declaration were "true and correct copies of billings paid by [SHS] to Gig Harbor Law to process both the creditor claim and TEDRA action." Also attached to Andrews' declaration were a number of invoices from Andrews Skinner to SHS. The Andrews Skinner invoices included billings for services rendered by Heather Lanning and Jane Johnson, who were identified in the invoices as an "RN Paralegal" and a "Sr. Paralegal," respectively.

In its response to SHS's fee petition, the Estate Parties argued that under the Agreement, SHS was not entitled to recover fees and costs incurred in defending the Estate Parties' counterclaims. The Estate Parties also argued that SHS "should . . . not be awarded any fees or costs under [TEDRA], as their TEDRA Petition is essentially a suit on a rejected creditor's claim." The Estate Parties further contended that the Gig Harbor Law invoices were inadmissible hearsay and that a number of the services billed for in those invoices were inadequately described. Additionally, the Estate Parties asserted that Andrews' declaration failed to "establish that Heather Lanning and Jane Johnson's performance of the services they billed for were supervised by an attorney" or "specify the qualifications of . . . Heather Lanning and Jane Johnson at all – let alone in sufficient detail to demonstrate that they are qualified . . . to perform substantive legal work." Thus, the Estate Parties argued, the trial court "should

3

not award any fees for services performed by Heather Lanning and Jane Johnson." Finally, the Estate Parties argued that the court "should not award any fees for clerical services of non-lawyer personnel" and that Merkatz, individually, should not be required to pay any fees or costs.

On August 22, 2017, the trial court granted SHS's fee petition and awarded the full amount of fees requested. The fee award was joint and several against all defendants except Merkatz. The trial court did not enter findings of fact with regard to the amount of the fee award.

The Estate Parties subsequently appealed the trial court's dismissal of their counterclaims, the ruling regarding the Estate's liability to SHS, and the fee award. In an unpublished opinion, we affirmed the trial court in all respects except with regard to the reasonableness of the fee award. See In re Estate of Sullivan (Sullivan I), No. 77166-3-I, slip op. at 2 (Wash. Ct. App. Nov. 26, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/771663.pdf. Specifically, we concluded that SHS was entitled to an award of attorney fees under the Agreement and that the trial court "had discretion to award attorney fees under TEDRA." Sullivan I, slip op. at 17. We also held that the court "did not abuse its discretion by including fees and costs SHS incurred responding to the Estate [Parties'] counterclaims." Sullivan I, slip op. at 17. We concluded, however, that the trial court "erred in failing to enter findings of fact and conclusions of law . . . supporting the reasonableness of the award of attorney fees." Sullivan I, slip op. at 17. Accordingly, we affirmed the trial court but "remand[ed] to enter findings of fact and conclusions of law on the reasonableness of the award of

4

attorney fees and costs." Sullivan I, slip op. at 18.

On remand, the trial court entered the following findings of fact and conclusions of law:

## I. FINDINGS OF FACT

1.1     On November 1, 2013 Lawrence Sullivan was admitted to Stafford Health Services . . . for treatment and therapy.

1.2     Mr. Sullivan's niece, Deanna Merkatz, signed his "Admission and Financial Agreement" as his "POA (Power of Attorney)" or "Responsible Party" and consented to nursing services. . . .

. . . .

1.3     Merkatz promised as the Responsible Party to pay for services provided by SHS including charges not covered by Medicare from . . . "the Resident's income or resources legally available for payment of such obligations."

1.8[2]     The amount due at the time of his transfer was $19,025.

1.9     Ms. Merkatz did not pay the outstanding billing.

1.10     Mr. Sullivan passed in 2015.

1.11     On May 22, 2015, the Estate sent a "non-probate Notice to Creditors" to SHS and SHS filed a creditor's claim for $19,025 against the Estate. On August 17, Ms. Merkatz, as the PR for the Estate, rejected the claim.

1.12     On Sept[ember] 14, 2015, SHS filed a TEDRA petition against the Estate of Lawrence X. Sullivan and the Lawrence and Arlene Sullivan Living Trust (collectively "the Estate") and Ms. Merkatz, individually.

1.13     The Estate and Ms. Merkatz filed counterclaims against SHS.

1.14     SHS sought dismissal of the counterclaims which was granted through orders entered on a motion for CR 12(b)(6)

---

[2] Proposed findings 1.4 through 1.7 were stricken by the trial court.

dismissal and on summary judgment.

1.15    SHS sought an order for recovery of attorney fees and costs under both TEDRA and the Admission and Financial Agreement.

1.16    SHS submitted itemized and detailed time records and documented expenses evidencing attorney fees and costs as follows:

Andrews Skinner, P.S:      $41,557.94

Gig Harbor Law:             $2,869.00

1.17    The trial court found the number of hours and hourly rates of the defense attorneys to be reasonable based upon the record and therefore entered its August 21, 2017 order in favor of plaintiffs and jointly and severally against all defendants except Deanna Merkatz personally.

1.18    The trial court found the expenses incurred by the defense attorneys to be reasonable based upon the record and therefore entered its August 21, 2017 order.

1.19    The trial court entered Judgment in the amount of $63,451.94 accruing interest at a rate of 12% on September 11, 2017.

## II.  CONCLUSIONS OF LAW

2.1     RCW 11.96A.150, the TEDRA statute, grants broad discretion to courts to award attorney fees in such manner as the court deems equitable and in "all proceedings governed by this title." *In re Estate of Berry*, 189 Wn. App[.] 368,[ ]379[, 358 P.3d 426] (2015).

2.2     The authority to award attorney fees and costs under RCW 11.96A.150 "is not limited to actions initiated under Chapter 11.96A RCW[.]" *Id.* at 379.

2.3     Under RCW 11.96A.150(1) the court may consider "any and all factors that it deems to be relevant and appropriate." *Id.*

2.4     SHS is entitled to an award of attorney fees and costs

6

under TEDRA.

2.5     The terms of the contract entered into between Lawrence X. Sullivan and SHS allowed for recovery of attorney fees and costs to the substantially prevailing party in any dispute arising out of the payment or non-payment of any funds due and owing pursuant to the Agreement.

2.6     King County Cause No. 15-4-05356-3 SEA constitutes a dispute arising out of the payment or non-payment of any funds due and owing pursuant to the Agreement.

2.7     SHS is the prevailing party in King County Cause No. 15-4-05356-3 SEA.

2.8     The number of hours and hourly rates of the defense attorneys are reasonable.

2.9     The expenses incurred by the defense attorneys were reasonable.

2.10    SHS is entitled to an award of attorney fees and costs under the terms of the Admission and Financial Agreement in the amount of $44,426.94 against all defendants jointly and severally, except Deanna Merkatz personally.

2.11    These Findings of Fact and Conclusion of Law are consistent with the trial court's determination reached when the trial court entered its order dated August 21, 2017.

3.0     These Findings of Fact and Conclusions of Law are hereby entered Nunc Pro Tunc dating back to the date of entry of Judgment on September 11, 2017.

After the trial court entered its findings of fact and conclusions of law, the Estate Parties filed a "Notice of Discretionary Review to Supreme Court" in which they designated for review both: (1) our decision in Sullivan I and (2) the trial court's findings of fact and conclusions of law on remand.  In a ruling entered on June 3, 2019, a commissioner of the Supreme Court denied review of Sullivan I as procedurally improper.  Additionally, at the commissioner's direction, the

Supreme Court clerk redesignated the Estate Parties' challenge to the trial court's findings and conclusions as a notice of appeal. Our Supreme Court subsequently transferred that appeal to this court.

ANALYSIS

Reasonableness of Attorney Fees Award

"Whether [a] fee award is reasonable is a matter of discretion for the trial court, which we will alter only if we find an abuse of discretion." Bloor v. Fritz, 143 Wn. App. 718, 747, 180 P.3d 805 (2008). A trial court abuses its discretion if it bases its decision on untenable grounds or reasons. West v. Seattle Port Comm'n, 194 Wn. App. 821, 834, 380 P.3d 82 (2016).

Here, the Estate Parties advance a number of contentions to support their proposition that the fee award was unreasonable. We address each contention below.

*Gig Harbor Law Invoices*

The Estate Parties contend that because the Gig Harbor Law invoices constituted inadmissible hearsay, the trial court should have excluded them. SHS does not dispute that the invoices are hearsay but contends that they were nonetheless admissible under the Uniform Business Records as Evidence Act and, specifically, RCW 5.45.020. We agree with the Estate Parties.

RCW 5.45.020 "'makes evidence that would otherwise be hearsay competent testimony.'" Bavand v. OneWest Bank, 196 Wn. App. 813, 826, 385 P.3d 233 (2016) (quoting State v. Fleming, 155 Wn. App. 489, 499, 228 P.3d 804 (2010)). Under that statute,

> [a] record of an act, condition or event, shall . . . be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

RCW 5.45.020.

But although we broadly interpret the terms "custodian" and "other qualified witness" as used in RCW 5.45.020, Bavand, 196 Wn. App. at 826, Andrews' declaration did not meet the requirements of the statute. Specifically, even assuming that Andrews was a "custodian or other qualified witness" with regard to the Gig Harbor Law invoices, she did not testify as to the mode of preparation of the invoices, and SHS points to no competent evidence—such as a declaration from Gig Harbor or SHS—from which the court could have found that the invoices were "made in the regular course of business, at or near the time of the act, condition or event." RCW 5.45.020. Accordingly, the Gig Harbor Law invoices were not admissible under RCW 5.45.020. Cf. Bavand, 196 Wn. App. at 829 (corporate counsel's declaration satisfied RCW 5.45.020 where counsel's testimony "establishe[d] that he ha[d] 'personal knowledge of the ordinary and customary method and manner of the preparation and maintenance of [the relevant] records' due to his general duties"). And because SHS points to no other basis to admit the Gig Harbor Law invoices and does not point to any other competent evidence of fees and costs incurred by Gig Harbor Law, there was no tenable basis to include those fees and costs in the fee award. Therefore, the trial court abused its discretion by including any fees and costs

incurred by Gig Harbor Law in the fee award.[3]

*Paralegal Services*

The Estate Parties next contend that the trial court abused its discretion by including paralegal fees in the fee award without considering the factors set forth in Absher Construction Co. v. Kent School District No. 415, 79 Wn. App. 841, 917 P.2d 1086 (1995).  Because SHS failed to present evidence to the trial court to facilitate consideration of the Absher criteria, we agree.

In Absher, we listed six criteria as relevant to determining whether nonlawyer fees are compensable:

> (1) the services performed by the non-lawyer personnel must be legal in nature; (2) the performance of these services must be supervised by an attorney; (3) the qualifications of the person performing the services must be specified in the request for fees in sufficient detail to demonstrate that the person is qualified by virtue of education, training, or work experience to perform substantive legal work; (4) the nature of the services performed must be specified in the request for fees in order to allow the reviewing court to determine that the services performed were legal rather than clerical; (5) as with attorney time, the amount of time expended must be set forth and must be reasonable; and (6) the amount charged must reflect reasonable community standards for charges by that category of personnel.

Absher, 79 Wn. App. at 845.

Here, SHS points to no evidence in the record from which the trial court could even have considered the Absher criteria or that would have supported a finding that the paralegal fees were reasonable.  For example, Lanning and

---

[3] Because we conclude that the trial court abused its discretion by including any of Gig Harbor Law's fees and costs in the amount of the fee award, we do not address the Estate Parties' contention that certain services billed for in the Gig Harbor Law invoices were inadequately described.

Johnston are identified in invoices only as an "RN Paralegal" and a "Sr. Paralegal." And Andrews' declaration makes no mention whatsoever of Lanning and Johnston, much less whether they were supervised by an attorney or qualified to perform substantive legal work. Indeed, Andrews' declaration does not even state how long Lanning and Johnston had been employed as paralegals with Andrews' firm. For these reasons, the trial court abused its discretion inasmuch as it concluded that SHS satisfied its burden to establish the reasonableness of paralegal fees. Cf. In re Settlement/Guardianship of AGM, 154 Wn. App. 58, 74, 223 P.3d 1276 (2010) ("The attorney requesting fees bears the burden of proving the reasonableness of the fees."); TJ Landco, LLC v. Harley C. Douglass, Inc., 186 Wn. App. 249, 262-63, 346 P.3d 777 (2015) (remanding to trial court to revisit fee award for law student interns where the record was not clear whether the interns were qualified to perform substantive legal work under APR 9 and noting that if not, "the trial court should strike the fee award").

SHS disagrees and contends that "[a]lthough the Absher court identified criteria that would be relevant in determining whether nonlawyer services should be compensated, it did not indicate that the criteria [are] mandatory or must be reflected in the trial court's findings." But we have explained that "[f]or the recovery of fees of nonlawyers, the court *must* consider [the] six factors identified in Absher." State v. Mandatory Poster Agency, Inc., 199 Wn. App. 506, 531, 398 P.3d 1271 (2017) (emphasis added). Therefore, SHS's contention fails. For the same reason, we are unpersuaded by SHS's attempt to distinguish Absher on

11

the basis that it involved an award of attorney fees on appeal.[4]

*Substantive Challenges*

The Estate Parties also contend that the fee award was unreasonable because (1) the Agreement, under which they were awarded, was unlawful, (2) they were not authorized under TEDRA because TEDRA does not apply, and (3) the law does not allow an award of fees for the time spent defending the Estate Parties' CPA, AVA, and tort-based counterclaims. But although couched in terms of reasonableness, these arguments in fact attack SHS's *entitlement* to fees. We previously determined in Sullivan I that SHS is entitled to fees under both the agreement and TEDRA, including fees incurred to defend against the Estate Parties' counterclaims. Accordingly, that determination is the law of the case, and the Estate Parties do not persuade us that we should revisit it. Cf. Bank of Am., N.A. v. Owens, 177 Wn. App. 181, 190, 311 P.3d 594 (2013) ("The law of the case doctrine binds the parties, the trial court, and subsequent appellate courts to the holdings of an appellate court in a prior appeal until such holdings are authoritatively overruled."). We thus adhere to our earlier determination that SHS is entitled to fees and reject the Estate Parties' attempts to circumvent that determination under the guise of a reasonableness challenge.

*Scope of Remand*

As a final matter, the Estate Parties contend that a number of the trial court's findings and conclusions exceeded the scope of the remand. The trial

---

[4] Because we conclude that the trial court abused its discretion by awarding paralegal fees, we need not consider whether the trial court also erred by awarding fees for clerical work performed by those same paralegals.

court did enter a number of findings and conclusions that were relevant to SHS's *entitlement* to fees but not to the *reasonableness* of the fee award. And because we remanded solely with regard to the *reasonableness* of the award, we agree that some of the trial court's findings and conclusions exceeded the scope of the remand. Nevertheless, the Estate Parties do not explain why those findings and conclusions warrant reversal, and we therefore conclude that reversal on this basis is not required.

Fees on Appeal

SHS requests fees on appeal, arguing, "Pursuant to RAP 18.1, [SHS is] entitled to an award of reasonable attorney fees and costs incurred on appeal." The Estate Parties counter that SHS's request is no more than a bald request and does not include the requisite argument and citation to authority.

We agree with the Estate Parties. See Osborne v. Seymour, 164 Wn. App. 820, 866, 265 P.3d 917 (2011) (explaining that RAP 18.1(b) requires argument and citation and "demands more than a bald request for attorney fees on appeal"). We also conclude that there is no substantially prevailing party in this appeal. Therefore, we deny SHS's request for fees and costs on appeal.

Conclusion

We reverse the trial court's award of fees incurred by Gig Harbor Law and by paralegals and remand to the trial court to revise the fee award to exclude

13

those fees. Otherwise, we affirm.

WE CONCUR: