

FILED

**NOT FOR PUBLICATION**

SEP 25 2020

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEATTLE TIMES COMPANY, | Nos. 18-35773 |
| Plaintiff-Appellant, | 19-35056 |
| | 19-35252 |
| v. | |
| | D.C. No. 2:15-cv-01901-TSZ |
| LEATHERCARE, INC.; STEVEN RITT, an individual, and the marital community composed of Steven Ritt and Laurie Rosen-Ritt; LAURIE ROSEN-RITT, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| v. | |
| TB TS/RELP LLC; TOUCHSTONE SLU, INC., | |
| Third-party-defendants-Appellees. | |

| | |
|---|---|
| SEATTLE TIMES COMPANY, | No. 18-35966 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-01901-TSZ |
| v. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

LEATHERCARE, INC.; STEVEN RITT,
an individual, and the marital community
composed of Steven Ritt and Laurie
Rosen-Ritt; LAURIE ROSEN-RITT,

        Defendants-Appellees,

  v.

TB TS/RELP LLC; TOUCHSTONE SLU,
INC.,

        Third-party-defendants-
        Appellants.

---

SEATTLE TIMES COMPANY,

        Plaintiff-Appellee,

  v.

LEATHERCARE, INC.; STEVEN RITT,
an individual, and the marital community
composed of Steven Ritt and Laurie
Rosen-Ritt; LAURIE ROSEN-RITT,

        Defendants-Appellants,

  v.

TB TS/RELP LLC; TOUCHSTONE SLU,
INC.,

        Third-party-defendants.

No.    19-35068

D.C. No. 2:15-cv-01901-TSZ

2

| | |
|---|---|
| SEATTLE TIMES COMPANY, | No. 19-35433 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01901-TSZ |
| v. | |
| LEATHERCARE, INC.; STEVEN RITT, an individual, and the marital community composed of Steven Ritt and Laurie Rosen-Ritt; LAURIE ROSEN-RITT, | |
| Defendants-Appellees, | |
| v. | |
| TB TS/RELP LLC; TOUCHSTONE SLU, INC., | |
| Third-party-defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted May 8, 2020
Seattle, Washington

Before: KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.

These consolidated appeals stem from protracted litigation involving the

extensive contamination of commercial property previously used for dry-cleaning

operations. Appellant Seattle Times Company (Seattle Times) appeals the district

court's dismissal of its claims brought under the Comprehensive Environmental

Response, Compensation, and Liability Act (CERCLA) against Appellees LeatherCare, Inc. (LeatherCare) and Steven Ritt (Ritt), and its claim pursuant to Washington's Model Toxics Control Act (MTCA) against Ritt. Additionally, Seattle Times appeals the district court's award of costs to Appellees Touchstone SLU LLC and TB TS/RELP LLC (Touchstone) pursuant to an Environmental Remediation and Indemnity Agreement (ERIA).

In separate appeals, Seattle Times challenges the district court's award of attorneys' fees and its determination of prevailing party status, which LeatherCare contests in a conditional cross-appeal. Touchstone also appeals the district court's denial of its request for prejudgment interest on the amounts owed by Seattle Times under the ERIA.

**1.** The district court properly denied Seattle Times' motion for partial summary judgment on its CERCLA § 107(a) claim. Although Seattle Times and LeatherCare stipulated to certain elements of liability under CERCLA § 107(a), there was a material factual dispute concerning the geographic scope of the contamination on the property, and the parties' responsibilities for the associated remedial costs. In any event, the district court ultimately dismissed Seattle Times' claim because the interim action plan for remediation of the property failed to substantially comply with the National Contingency Plan, a requisite element of

4

CERCLA § 107(a) liability to which Seattle Times and LeatherCare did not stipulate. *See Seattle Times Co. v. LeatherCare, Inc.*, 337 F. Supp. 3d 999, 1048-49 (W.D. Wash. 2018); *AmeriPride Servs. Inc. v. Texas E. Overseas Inc.*, 782 F.3d 474, 489 (9th Cir. 2015) (stating that "[t]o prevail in a private cost recovery action under [CERCLA § 107(a)], a plaintiff must establish, among other things, that the release of a hazardous substance caused the plaintiff to incur response costs that were necessary and consistent with the national contingency plan") (citation and internal quotation marks omitted).

2.    In allocating orphan shares for contamination caused by the property's former owner, Troy Laundry Co. (Troy), the district court did not clearly err in determining that Troy utilized hazardous materials in its dry-cleaning operations, and was no longer subject to liability due to its dissolution in 1986. *See Seattle Times Co.*, 337 F. Supp. 3d 999 at 1020, 1024-25; *see also Resilient Floor Covering Pension Trust Fund Bd. of Trustees v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015) (articulating that "[w]e review the district court's findings of fact after a bench trial for clear error") (citation omitted); RCW § 23B.14.340 (requiring commencement of suit within two years of the dissolution of a corporation). The district court also did not clearly err in determining that Troy's corporate successor did not assume Troy's liabilities, and there was no

5

evidence that Troy's corporate formalities were disregarded after it became a subsidiary of the acquiring corporation. *See Seattle Times*, 337 F. Supp. 3d at 1025 n.19; *see also Minton v. Ralston Purina Co.*, 47 P.3d 556, 562 (Wash. 2002) (en banc) (explaining that, absent piercing of the corporate veil, a parent corporation is not liable for acts of its subsidiaries).

3.    The district court properly dismissed Seattle Times' CERCLA claims against LeatherCare and Ritt because the interim action plan for remediation of the property did not substantially comply with the National Contingency Plan. *See Seattle Times*, 337 F. Supp. 3d at 1048-49. The district court correctly concluded that the underlying feasibility study failed to provide the requisite detailed analysis in screening out potential remedial alternatives to excavation and disposal of contaminated soil from the property. *See Carson Harbor Village v. Cty. of Los Angeles*, 433 F.3d 1260, 1268 (9th Cir. 2006) (explaining that "the feasibility study must include a detailed analysis on the limited number of alternatives that represent viable approaches to remedial action after evaluation in the screening stage") (citation, alteration, and internal quotation marks omitted).

4.    The district court did not clearly err in determining that Ritt was not personally liable as an operator of a facility under the MTCA. *See Seattle Times*, 337 F. Supp. 3d at 1051; *see also Resilient Floor Covering Pension Trust Fund Bd.*

*of Trustees*, 801 F.3d at 1088 (reviewing for clear error). Ritt did not "possess the requisite level of control to support operator liability," because he did not "manage, direct, or conduct operations specifically related to pollution." *Pope Res., LP v. Wash. State Dept. of Nat. Res.*, 418 P.3d 90, 98-99 (Wash. 2018) (citation omitted). Notably, Seattle Times and LeatherCare stipulated that LeatherCare was the former operator of the property under CERCLA, with no mention of Ritt's personal involvement in any contamination.

**5.** The district court did not err in awarding costs in favor of Touchstone pursuant to the ERIA. *See Seattle Times*, 337 F. Supp. 3d at 1068-69. The district court reasonably concluded that the ERIA's definition of incremental costs did not preclude Touchstone from utilizing trucks to directly transport contaminated soil to a landfill, *id.* at 1054-55, and requiring Touchstone to wait for available rail transport would have "unreasonably interfere[d] with" Touchstone's "ongoing development project work." *See Estate of Carter v. Carden*, 455 P.3d 197, 202 (Wash. Ct. App. 2019) (explaining that "[w]hen considering the language of a written agreement, we impute an intention corresponding to the reasonable meaning of the words used in the writing") (citation and internal quotation marks omitted). Although the ERIA afforded Seattle Times the right to select the disposal site, it did not expressly provide a corresponding contractual right to select

7

the mode of transportation.

Additionally, the district court properly awarded costs for sales tax, markups for services associated with the removal of contaminated soil, and pre-disposal soil sampling and analysis based on its interpretation of the contractual provisions, Washington law, and evidence presented at trial. *See Seattle Times*, 337 F. Supp. 3d at 1054-55, 1057-62, 1064 n.57, 1067-68.

**6.** The district court properly denied Touchstone's request for prejudgment interest because the damages were not liquidated as required under Washington law. *See McLelland v. Paxton*, 453 P.3d 1, 22 (Wash. Ct. App. 2019) (explaining that "[a] liquidated claim arises from the availability of data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion") (citation omitted). In awarding costs in favor of Touchstone, the district court was required to determine whether Seattle Times breached the ERIA in the context of the CERCLA and MTCA remedial actions, as well as the reasonableness of Touchstone's request for costs based on trucking contaminated soil, sales tax, markups, and pre-disposal soil sampling and analysis. The district court also opined that Touchstone was not entitled to certain costs that it requested. *See Seattle Times*, 337 F. Supp. 3d at 1056-57, 1061-62, 1064, 1066. As a result, the district court necessarily had to rely on "opinion or discretion" in

resolving the extensive litigation related to Seattle Times' contractual obligations. *McLelland*, 453 P.3d at 22 (citation omitted).

7.    The district court correctly held that Seattle Times was not a prevailing party over LeatherCare.  Notably, the district court held that Seattle Times was partly responsible for contamination of the property as its owner for twenty-five years because it "took few corrective actions, and [contamination was] allowed to travel farther and deeper in the subsurface soil, reaching the adjacent right-of-way and the groundwater," Seattle Times failed to conduct "any meaningful investigation" prior to its purchase of the property, and engaged in insufficient remediation actions after contamination was discovered on the property.  *Seattle Times*, 337 F. Supp. 3d at 1073-74.  Based on the district court's findings, Seattle Times was not a prevailing party under the MTCA.  *See Douglass v. Shamrock Paving, Inc.*, 406 P.3d 1155, 1161 (Wash. 2017) (delineating the standard for prevailing party status under the MTCA as "the party that either recovers remedial action costs or successfully defends against a claim for such costs") (citation omitted).

8.    The district court did not err in determining that Ritt was not a prevailing party over Touchstone.  Touchstone did not focus on Ritt's personal liability as an operator under the MTCA, and its claims were directed at

LeatherCare at trial. In turn, Touchstone did not qualify as a prevailing party over Ritt because it was not awarded any remedial costs from Ritt independent of LeatherCare. *See Douglass*, 406 P.3d at 1161.[1]

**9.** The district court did not abuse its discretion in awarding attorneys' fees to Touchstone. *See Cronin v. Cent. Valley Sch. Dist.*, 456 P.3d 843, 856 (Wash. Ct. App. 2020) (explaining that reversal of a fee award is warranted "only if the decision is manifestly unreasonable, is based on untenable grounds, or is made for untenable reasons, with the last category including errors of law") (citation omitted). The district court arrived at a tenable basis for the fee award, sufficiently explained its reasoning in awarding fees and its calculation of certain multipliers and reductions, reasonably accepted Touchstone's segregation of fees for work performed on the breach of contract and MTCA claims, and properly excluded fees for clerical work performed by a paralegal consistent with Washington law. *See William G Hulbert Jr. & Clare Mumford Hulbert Revocable Living Trust v. Port of Everett*, 245 P.3d 779, 789 (Wash. Ct. App. 2011) (stating that "[a]n explicit hour-by-hour analysis of each lawyer's time sheets is

---

[1] In its cross-appeal, LeatherCare asserts that it was a prevailing party over Seattle Times because Seattle Times was liable for a significant portion of the cleanup costs. However, we need not and do not address the cross-appeal because LeatherCare acknowledges that, if we affirm the district court's prevailing party determination, dismissal of its conditional cross-appeal is warranted.

unnecessary as long as the award is made with a consideration of the relevant factors and reasons sufficient for review are given for the amount awarded") (citation and internal quotation marks omitted); *see also Absher Const. Co. v. Kent Sch. Dist. No. 415*, 917 P.2d 1086, 1088 (Wash. Ct. App. 1995), *as modified* (delineating the bases for reducing fees for non-attorney work).

10.     The district court did not abuse its discretion in awarding attorneys' fees to Ritt. The district court reasonably segregated the fees applicable to LeatherCare and Ritt based on the corresponding billing entries. *See Loeffelholz v. Citizens for Leaders with Ethics & Accountability Now (C.L.E.A.N.)*, 82 P.3d 1199, 1213-14 (Wash. Ct. App. 2004), *as amended* (affording the district court discretion to conduct its own segregation analysis). The district court also adequately explained the basis for the fee award, reasonably calculated the fee award based on work performed in support of Ritt's defense, and correctly excluded fees performed for non-attorney work. *See Cronin*, 456 P.3d at 856; *Absher Const. Co.*, 917 P.2d at 1088; *William G Hulbert Jr. & Clare Mumford Hulbert Revocable Living Trust*, 245 P.3d at 789.

**AFFIRMED.**[2]

---

[2] Appellees LeatherCare, Inc., Steven Ritt, and Lauren Rosen-Ritt's Motion To Take Judicial Notice filed July 2, 2019, is GRANTED as to the appeal bond

(continued...)

11

12