Edward J. MURTY (Jr.), Appellant,

v.

OFFICE OF PERSONNEL MANAGE-MENT, Appellee.

No. 82–1542.

United States Court of Appeals, Fourth Circuit.

Argued April 13, 1983.

Decided May 23, 1983.

Rehearing and Rehearing En Banc Denied June 21, 1983.

Allen H. Sachsel, Falls Church, Va., for appellant.

James H. Phillips, Sp. Asst. U.S. Atty., Washington, D.C. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before MURNAGHAN, SPROUSE and ERVIN, Circuit Judges.

MURNAGHAN, Circuit Judge:

Edward J. Murty, Jr., an Administrative Law Judge in the employ of the United States Department of Labor, on September 4, 1981, under the Freedom of Information Act, sought from the Office of Personnel Management certain information which the parties stipulated he was entitled to receive. An OPM official wrote to Murty on September 21, 1981 acknowledging receipt of the request and promising that Murty would hear more "at a later date."[1] On December 16, 1981, having heard nothing further, Murty filed suit to compel disclosure of the requested information.

The OPM then belatedly got busy and complied with the request, bringing the case, in its substantive aspects, to a close. The case is here on appeal from the decision of the district court denying Murty's request for counsel fees. The Freedom of Information Act in 5 U.S.C. § 552(a)(4)(E) provides that:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

The district court made findings of fact not clearly erroneous that:

1. The correspondence of Murty initiating the request was inadvertently misplaced by the OPM.

2. On learning of Murty's institution of a law suit, the OPM instituted a search for the request and, upon location of it, for the documents necessary to make a response to the request.

3. By March 4, 1983, the OPM sent to Murty responses comprising all the information requested by him.

4. The OPM was not motivated by bad faith.

5. Had Murty or his counsel troubled, prior to instituting suit, to make a telephone call of inquiry as to what had happened to his request, it would have produced the same result as the law suit.

In other words, it would have caused the matter to be retrieved from the welter of government documents where it lay lost and forgotten and the requested information would have been supplied.

Counsel for Murty at oral argument forthrightly conceded that, had such a telephone call been made, it would not in any way have injured plaintiff's position. The district judge under the statute is vested with discretion in determining, even where the plaintiff has substantially prevailed, whether an award of counsel fees is appropriate. *E.g. Aviation Data Service v. F.A.A.*, 687 F.2d 1319 (10th Cir.1982); *Vermont Low Income Advocacy Council v. Usery*, 546 F.2d 509, 512–513 (2d Cir.1976).

We are unable to conclude that the district judge's determination that a fee award would be inappropriate amounted to an abuse of discretion. He was not bound in the circumstances to determine that the legal fees for bringing suit were reasonably incurred.

Most of us at one time or another have experienced the frustrations of bureaucratic delay, so, as individuals, we are not lacking in sympathy towards Murty. Nevertheless, he could have speeded matters along, even granting it was not his responsibility to do the Government's work for it, by a telephone call. Instead he had resort to the inevitably somewhat cumbersome course of a legal proceeding without first testing the possibilities of a potentially far less expensive and no less efficacious method. He thereby not only exacerbated the delay in his own case, but also contributed a probably unnecessary law suit to the large overburden already creating a crisis situation in the courts. In those circumstances, the denial of attorneys' fees to Murty was a reasonable exercise of discretion.

AFFIRMED.

---

1. 5 U.S.C. § 552(a)(6)(A) requires an agency within ten days to determine and immediately notify the person making the request of the determination whether to comply with the request. The OPM official obviously did not comply with that statutory requirement.