[No. 21517–5–I. Division One. May 22, 1989.]

PROGRESSIVE ANIMAL WELFARE SOCIETY, *Appellant,* v. THE
UNIVERSITY OF WASHINGTON, *Respondent.*

*John T. Costo*, for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Noella Hashimoto, Assistant,* for respondent.

WINSOR, J.—The Progressive Animal Welfare Society (PAWS) appeals an award of attorney fees made in conjunction with its action against the University of Washington (University) for public disclosure law violations. The trial court awarded PAWS substantially less fees than it requested. We vacate the award and remand for reconsideration.

This action arises from PAWS' request for University forms describing the procedures, experimental design, and objectives of proposed animal research projects. The University, through a letter from John Coulter, essentially denied PAWS' request, but left the matter open for negotiation. Coulter's letter concluded:

> [T]he entire project review form constitutes a policy formulation document and will not be released to you. It is difficult to determine what, if any, deletions could be made . . . I would, however, be willing to discuss this with you and have included a blank form for your information. Please call me . . . if you would like to discuss this further.

Coulter subsequently conferred with Mitchell Fox, of PAWS, and offered to release parts of the requested forms. Fox refused this offer, saying it was his belief the entire form was PAWS' for the asking, "it was not in PAWS' best interests to negotiate the matter with him, and that [PAWS] preferred to let a judge determine what portions of the form may be exempt."

PAWS then filed a public disclosure suit against the University in which it sought release of the forms and its attorney fees. The parties orally stipulated that the subject of the trial court's de novo review would not be Coulter's letter, but would instead be a subsequent denial letter from Emily Hill, University Public Records Officer. Hill had written in response to a second request for the forms, which PAWS made in order to satisfy exhaustion of administrative remedies requirements. Hill's letter, written after PAWS filed suit, did not contain a negotiation offer.

The trial court determined that the University had not proven the forms were exempt from disclosure, and ordered their release. The court did not require release of sections of the forms detailing specific research hypotheses and experimental methodology. According to the University, these are essentially the same deletions Coulter proposed to Fox.

PAWS moved for a $9,390 attorney fee award. The University opposed PAWS' motion, claiming the fees sought were unreasonable. The University also cross–moved for an award of its own fees, arguing that because PAWS had obtained no more than Coulter offered before PAWS filed suit, the University was the prevailing party. PAWS objected, arguing in part that as a result of the parties' stipulation, Coulter's letter was not properly before the court. The court admitted Coulter's letter for attorney fee considerations only.

The trial court found PAWS to be the prevailing party and awarded it $3,500 in attorney fees. In its oral opinion, the court explained that it awarded PAWS less fees than requested because:

the position of the parties taken, both prior to the litigation and as to what would be disclosed and what was attempted to be negotiated without actual litigation, together with the position taken on the litigation ensued as to what could properly be disclosed or should be disclosed.

## TRIAL COURT'S DISCRETION TO DETERMINE
## REASONABLE ATTORNEY FEES

A party who prevails against an agency in a court action for access to public records is entitled to an award of reasonable attorney fees. RCW 42.17.340(3). This provision of the public disclosure act, like all provisions of the act, is one that "shall be liberally construed to promote . . . full access to public records". RCW 42.17.010.

■ PAWS contends that given a liberal construction, the mandatory nature of RCW 42.17.340(3) deprives a trial court of discretion to award less than 100 percent of attorney fees incurred, absent a clear and convincing showing of blatant unreasonableness. No relevant authority is cited for this proposition,[1] which is contrary to the rule that trial courts have broad discretion to fix reasonable fee awards. *Allard v. First Interstate Bank*, 112 Wn.2d 145, 148, 768 P.2d 998 (1989). Generally, in fixing a reasonable fee, the amount of time "actually spent by the plaintiff's attorney may be relevant, but it is in no way dispositive." *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 744, 733 P.2d 208 (1987); *see also Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 65, 738 P.2d 665 (1987) (a party's "[f]ee requests may be adjusted upward or downward"). If, for example, the case is one that was very likely to be won, the trial court should consider whether the lawyers spent undue time preparing the case. *Nordstrom, Inc.*, 107 Wn.2d at 744.

Neither the requirement of liberal construction, nor the mandatory nature of RCW 42.17.340(3), affects a trial

---

[1]PAWS relies on *Columbian Pub'g Co. v. Vancouver*, 36 Wn. App. 25, 671 P.2d 280 (1983). That case did not involve a challenge to the trial court's attorney fee award.

court's discretion to adjust a fee request. In *Holland v. Boeing Co.*, 90 Wn.2d 384, 392, 583 P.2d 621 (1978), an employment discrimination action brought under RCW 49.60, the trial court reviewed an attorney fee award. RCW 49.60 is similar to the public disclosure act in that its provisions must be liberally construed, and successful litigants are entitled to an award of reasonable attorney fees. RCW 49.60.020, .030(2). Nevertheless, the *Holland* court left to the trial court's discretion determination of the amount of fees awarded to the prevailing party.

The only mandate of RCW 42.17.340(3) is that the trial court award reasonable attorney fees to a prevailing party. It remains within the trial court's discretion to determine what fee is reasonable.

### GROUNDS FOR FEE REDUCTION

Alternatively, PAWS contends that the trial court's attorney fee award should be vacated because the court's reasons for reducing the fee award were untenable. PAWS argues that the court should not have considered its refusal to negotiate because the public disclosure act does not require requesting parties to negotiate, and a negotiation requirement would infringe on the act's effectiveness. We disagree.

 Washington's public disclosure act closely parallels the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552. Therefore, "judicial interpretations of that act are particularly helpful in construing our own." *Hearst Corp. v. Hoppe,* 90 Wn.2d 123, 128, 580 P.2d 246 (1978). Under the FOIA, an award of attorney fees is discretionary and the trial court may not award attorney fees unless the plaintiff "substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Significantly, an FOIA plaintiff does not substantially prevail if the requested material would "have been released without the lawsuit." *Crooker v. United States Parole Comm'n,* 776 F.2d 366, 367 (1st Cir. 1985); *accord, Vermont Low Income Advocacy Coun., Inc. v. Usery,* 546 F.2d 509, 513, 36 A.L.R. Fed. 519 (2d Cir. 1976) (to obtain fee award plaintiff must

show that the action was reasonably necessary and "had substantial causative effect on the delivery of the information."). Thus, when an agency inadvertently misplaced an FOIA request, and the requesting party instituted suit without first contacting the agency about the request, the trial court properly denied attorney fees. *Murty v. Office of Personnel Mgt.,* 707 F.2d 815 (4th Cir. 1983). The requesting party had "not only exacerbated the delay in his own case, but also contributed a probably unnecessary law suit to the large overburden already creating a crisis situation in the courts." *Murty,* 707 F.2d at 816.

This interpretation of "substantially prevailing party" effectively requires potential FOIA plaintiffs who seek award of attorney fees and costs to negotiate with an agency before filing suit, unless it is apparent that negotiation would be fruitless. We adopt this requirement for potential plaintiffs under Washington's public disclosure act, as it is consistent with our policy of discouraging unnecessary litigation. Although federal courts consider a plaintiff's failure to negotiate to be determinative of whether the plaintiff is a prevailing party, we see no reason why such failure cannot instead be used to reduce a fee award.[2] Accordingly, we find no error in the trial court's use of PAWS' blanket refusal to negotiate as a reason to reduce its attorney fee award.

PAWS also argues that the trial court erred in awarding reduced attorney fees because it relied on evidence not before it at trial. Specifically, PAWS contends that pursuant to RCW 42.17.340(2) the trial court should not have considered the Coulter letter containing an offer to discuss PAWS' disclosure request. PAWS misconstrues the applicability of RCW 42.17.340(2). This provision establishes that a trial court conducting a de novo review of

---

[2]Precedent for this approach exists in the area of attorney fee awards in marriage dissolution proceedings. There, an important consideration "is the extent to which one spouse's intransigence caused the spouse seeking the award to require additional legal services." *In re Marriage of Morrow,* 53 Wn. App. 579, 590, 770 P.2d 197 (1989).

a disclosure request denial cannot consider evidence outside the record. It does not, however, concern evidence that can be considered in a posttrial hearing on attorney fees.

Indeed, trial courts routinely consider new evidence in attorney fee hearings: fee affidavits are normally required, and testimony concerning the reasonableness of the requested fee award may be heard. *See, e.g., Travis v. Washington Horse Breeders Ass'n, Inc.*, 111 Wn.2d 396, 411, 759 P.2d 418 (1988). PAWS has cited no authority indicating that this practice should not apply to public disclosure act attorney fee hearings. The trial court did not err by considering Coulter's letter.

## CALCULATION OF FEE AWARD

PAWS also contends that its attorney fee award should be redetermined because the trial court failed to show on the record how it arrived at the figure of $3,500. We agree. While we do not find the award to be patently unreasonable, and recognize a trial court's broad discretion to modify fee awards upward or downward, we cannot affirm this particular award without some indication in the record of how the court reached the $3,500 figure.

No reported case addresses computation of reasonable attorney fees under the public disclosure act.[3] However, regardless of what computation means is used, the trial court must provide sufficient information concerning its fee determination to enable meaningful appellate review. *See Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 596, 675 P.2d 193 (1983) (quoting *Copeland v. Marshall*, 641 F.2d 880, 890 (D.C. Cir. 1980)). In attorney fee disputes, as well as in other areas, we have emphasized that "knowledge of the basis for a trial court's ruling or decision is often essential to enable [us] to properly dispose of an appeal." *State v. Agee*, 89 Wn.2d 416, 420, 573 P.2d

---

[3]In Consumer Protection Act cases, the trial court preliminarily calculates a "lodestar" in making an attorney fee award. *E.g., Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 596–97, 675 P.2d 193 (1983). A somewhat different approach is used in other situations. *See Allard*, 112 Wn.2d at 148–50.

355 (1977). Thus, in attorney fee cases we have stressed the need for entry of findings indicating what factors the trial court relied on to reduce or enhance a fee request, and how the trial court arrived at the particular fee awarded. *E.g., Bowers,* 100 Wn.2d at 596; *Travis v. Washington Horse Breeders Ass'n, Inc.,* 47 Wn. App. 361, 368 n.3, 734 P.2d 956 (1987), *rev'd on other grounds,* 111 Wn.2d 396, 759 P.2d 418 (1988).

The findings needed for meaningful review would not ordinarily require such details as an explicit hour–by–hour analysis of each lawyer's time sheets. However, when as here, a trial court awards substantially less than the amount of attorney fees requested, it should at least indicate what part of the lawyer's work the court discounted as unnecessary or unreasonable, how much of the lawyer's hourly fee the court found excessive, or the manner by which the court reduced or denied a fee request due to the party's failure to adopt a reasonable negotiating posture.

In the instant case, we can discern from the trial court's oral opinion its reason for making a reduced attorney fee award, namely, that PAWS refused to negotiate prior to resorting to litigation. We uphold the court's reliance upon that reason. We cannot, however, discern how that factor was applied to arrive at the particular award made here.

We therefore vacate PAWS' attorney fee award and remand this matter to the trial court for examination on the record of a fee award for PAWS. If appellant is awarded a larger attorney fee on remand, it shall be deemed to have substantially prevailed on this appeal, in which event the trial court is directed to assess and award to appellant reasonable attorney fees and costs for this appeal.

SCHOLFIELD and FORREST, JJ., concur.

After modification, further reconsideration denied July 26, 1989.

Review granted at 113 Wn.2d 1023 (1989).