917 P.2d 1086 (1995)
79 Wash.App. 841
ABSHER CONSTRUCTION COMPANY, a Washington corporation; Chapman Mechanical, Inc., a Washington corporation; and Emerald Aire, Inc., a Washington corporation, Appellants,
v.
KENT SCHOOL DISTRICT NO. 415, Respondent.
No. 33489-1-I.
Court of Appeals of Washington, Division 1.
November 20, 1995.
As Modified May 3, 1996.[*]
*1087 Sam E. Baker, Todd Nelson, Arthur McGarry, Oles Morrison & Rinker, Seattle, for Appellants.
Peter Danelo, Leonard Feldman, Seattle, for Other.
Richard O. Prentke, Vicki Williams, Perkins Coie, Seattle, for Respondent.
*1088 PER CURIAM.
Kent School No. 415 (Kent) has requested an attorney fee award which includes payment for the time of non-lawyer personnel. We hold that such time may be compensable as part of an attorney fee award and set out guidelines for determining when such fees are appropriate. We find, however, that the total amount requested by Kent is not reasonable under the circumstances of this case and therefore award a lesser amount.
The appellants sued Kent for amounts they claimed were owing under a public works contract, approximately $205,000. Kent won on summary judgment and was awarded $34,648.86 in fees and costs. Kent also prevailed on appeal and now seeks an additional $36,911.54 in fees and costs. The basis for the award is RCW 39.04.240.
The fee request includes time for the following individuals:
(1) A partner in practice for 20 years billed 104.2 hours at $225.00 per hour ($23,445);
(2) A fourth-year associate billed 53.1 hours at $130.00 per hour ($6,903);
(3) A sixth-year associate billed 4.5 hours at $155.00 per hour ($697.50);
(4) A legal assistant billed 39.5 hours at $67.00 per hour ($2,646.50);
(5) A legal editor billed 4 hours at $62.00 per hour ($248); and
(6) A legal clerk billed 8.5 hours at $35.00 per hour ($297.50).
The latter three are not attorneys.
No case in Washington specifically addresses whether the time of non-lawyer personnel may be included in an attorney fee award.[1]
We find persuasive the reasoning of the Arizona court in Continental Townhouses East Unit One Ass'n v. Brockbank, 152 Ariz. 537, 733 P.2d 1120, 73 A.L.R.4th 921 (1986). Properly employed and supervised non-lawyer personnel can decrease litigation expense. Lawyers should not be forced to perform legal tasks solely so that their time may be compensable in an attorney fee award.
The question then becomes what sort of work performed by non-lawyer personnel is compensable. Regardless of the name given to the category of person who performs the work, we believe, as did the Arizona court, that the definition of legal assistant formulated by the American Bar Association Standing Committee on Legal Assistants provides appropriate guidance. Under that definition:
A legal assistant is a person, qualified through education, training, or work experience, who is employed or retained by a lawyer, law office, governmental agency, or other entity in a capacity or function which involves a performance, under the ultimate direction and supervision of an attorney, of specifically delegated substantive legal work, which work, for the most part, requires a sufficient knowledge of legal concepts that, absent such assistant, the attorney would perform the task.
The following criteria will be relevant in determining whether such services should be compensated: (1) the services performed by the non-lawyer personnel must be legal in nature; (2) the performance of these services must be supervised by an attorney; (3) the qualifications of the person performing the services must be specified in the request for fees in sufficient detail to demonstrate that the person is qualified by virtue of education, training, or work experience to perform substantive legal work; (4) the nature of the services performed must be specified in the request for fees in order to allow the reviewing court to determine that the services performed were legal rather than clerical; (5) as with attorney time, the amount of time expended must be set forth and must be reasonable; and (6) the amount charged must reflect reasonable community standards for charges by that category of personnel.
See, Annot., Attorneys' FeesParalegal Costs, 73 A.L.R.4th 938, § 2[b] 946-47.
*1089 Employing these criteria, we allow only part of the fees requested for the legal assistant's services. He has requested compensation for preparing pleadings for duplication, preparing and delivering copies, requesting copies, and obtaining and delivering a docket sheet. We do not view this time as work which falls within these guidelines. We do allow an award for time spent preparing the briefs and related work. In computing the time we allow for him, we will assume, absent any other evidence in the record, that the hourly rate of $67.00 is reasonable for this type of work. We allow an award of $2,110.50 for 31.5 hours. We allow the recovery of fees for the time claimed by the legal editor for verifying citations and quotations. We disallow the time claimed for the legal clerk, which appears to consist primarily of obtaining copies of pleadings and organizing working copies of the pleadings.
In turning to the remainder of the fee request, which includes attorney time, we find it useful to reiterate some principles governing fee awards. We start with the provision under which the fees were awarded.
RCW 39.04.240 applies the provisions of RCW 4.84.250 through 4.84.280 to an action arising out of a public works contract where the amount in controversy is $250,000 or less. The purpose of the statute granting an award of attorney fees must be considered in determining how much should be awarded. Scott Fetzer Co. v. Weeks, 122 Wash.2d 141, 149, 859 P.2d 1210 (1993). We find little guidance here because of the way RCW 39.04.240 adopts the provisions of a seemingly inconsistent statute. The purpose of the attorney fee provisions of RCW Chapter 4.84 is to enable a party to pursue a meritorious small claim without seeing the award diminished in whole or part by legal fees. Northside Auto Service, Inc. v. Consumers United Ins. Co., 25 Wash.App. 486, 492, 607 P.2d 890 (1980). RCW Chapter 39.04 applies, however, to public works contracts where the amount in controversy is $250,000 or less. There seems to be no principled way to reconcile the purpose ascribed to RCW Chapter 4.84 with the scope of RCW Chapter 39.04. Therefore, we conclude that the statute itself provides no guidance in this case.
RCW 4.84.250 allows to the prevailing party, as a part of the cost of the action, "a reasonable amount to be fixed by the court as attorney's fees". RCW 4.84.240 does not say how to calculate the fee award. Nevertheless, the "lodestar" method set out in Bowers v. Transamerica Title Ins. Co., 100 Wash.2d 581, 675 P.2d 193 (1983) appears to be the accepted starting point for all attorney fee determinations. The "lodestar" fee is determined by multiplying the hours reasonably expended in the litigation by each lawyer's reasonable hourly rate of compensation. Bowers, 100 Wash.2d at 597, 675 P.2d 193; Singleton v. Frost, 108 Wash.2d 723, 733, 742 P.2d 1224 (1987). The "lodestar" is only the starting point and the fee thus calculated is not necessarily a "reasonable" fee. Fetzer II, 122 Wash.2d at 151, 859 P.2d 1210; Nordstrom, Inc. v. Tampourlos, 107 Wash.2d 735, 744, 733 P.2d 208 (1987). Whether or not a fee is reasonable is an independent determination to be made by the awarding court. Fetzer II, 122 Wash.2d at 151, 859 P.2d 1210; Nordstrom, 107 Wash.2d at 744, 733 P.2d 208; Boeing, 108 Wash.2d at 65, 738 P.2d 665. The burden of demonstrating that a fee is reasonable always remains on the fee applicant. Blum v. Stenson, 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); Fetzer II, 122 Wash.2d at 151, 859 P.2d 1210.
In judging whether a fee is reasonable the court may use the "factors" approach. Allard v. First Interstate Bank, 112 Wash.2d 145, 149, 768 P.2d 998, 773 P.2d 420 (1989). These "factors" are, however, often subsumed within the "lodestar" approach. Scott Fetzer Co. v. Weeks, 114 Wash.2d 109, 124, 786 P.2d 265 (1990) (Fetzer I).
There are additional concerns which may also be relevant. The awarding court should consider the relationship between the amount in dispute and the fee requested. Fetzer II, 122 Wash.2d at 150, 859 P.2d 1210. The court may consider the hourly rate of opposing counsel. Boeing, 108 Wash.2d at 66, 738 P.2d 665. Fees should be awarded only for services related to causes of *1090 action which allow for fees. Boeing, 108 Wash.2d at 66, 738 P.2d 665; Nordstrom, 107 Wash.2d at 743, 733 P.2d 208. The court may discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time. Bowers, 100 Wash.2d at 597, 675 P.2d 193. It is appropriate to discount work which could be useful in ancillary or parallel litigation. Fetzer II, 122 Wash.2d at 151, n. 6, 859 P.2d 1210. Fees are not penalties, but rather a cost of litigation. Detonics ".45" Assocs. v. Bank of Cal., 97 Wash.2d 351, 354, 644 P.2d 1170 (1982). The reasonableness of a request depends on the circumstances of each individual case. Schmidt v. Cornerstone Invs., Inc., 115 Wash.2d 148, 169, 795 P.2d 1143 (1990).
The determination of the fee award should not become an unduly burdensome proceeding for the court or the parties. An "explicit hour-by-hour analysis of each lawyer's time sheets" is unnecessary as long as the award is made with a consideration of the relevant factors and reasons sufficient for review are given for the amount awarded. Cf., Animal Welfare Society v. U.W., 54 Wash.App. 180, 187, 773 P.2d 114 (1989). An award of substantially less than the amount requested should indicate at least approximately how the court arrived at the final numbers, and explain why discounts were applied. Id.
We conclude that the hourly rates requested are reasonable in the absence of evidence that they are not. However, in applying the principles listed above, we conclude that the amount of time requested is not reasonable for the following reasons.
First, this appeal is from a summary judgment proceeding. In such cases, this court is limited to the record presented below and the only issues presented are whether the respondent was entitled to summary judgment as a matter of law or there is a material issue of fact precluding summary judgment. There may be exceptional cases where more effort is required to defend a summary judgment than was required to win it, but we do not view this case as within the exceptional category. It thus does not appear reasonable to allow a larger award on appeal for this litigation than was "reasonable" below.
Second, it appears that both Kent and the firm representing Kent are or will be involved in other matters where the opinion in this case will have some importance. While the time spent by Kent's attorneys thus may be appropriate for this case and this client, the losing party should not necessarily bear the burden of paying for all the efforts expended. We deem it appropriate in this case to reduce the award because some of the hours spent here could be useful in ancillary or parallel litigation.
Finally, we view the time spent on some aspects of the appeal as not reasonable.
We conclude that a substantial reduction from the attorney hours claimed is appropriate in this case. We have accordingly discounted the total fees charged for attorney time ($31,045.50) by a factor of one-third, for an award of $20,697. Adding in the amount allowed for paralegal fees, the total attorney fee award is $23,055.50.
Kent also seeks costs incurred for messenger service, photocopying and printing expenses. Such costs are not allowed under RAP 14.3(a). Neither are most of the other expenses claimed. However, we award costs of $100 for preparing 50 pages of original documents, and $34.65 as the charges of the appellate court clerk for reproduction.
Finally, we award computer research expenses in the amount of $1,633.74. We consider such expenses to be an aspect of attorney fees, so long as the expenses are reasonably incurred. The use of computeraided legal research is a norm in contemporary legal practice. Properly utilized, it saves the client attorney fees which would otherwise be incurred for more time consuming methods of legal research. See, e.g., Harman v. Lyphomed, Inc., 945 F.2d 969 (7th Cir.1991); Wehr v. The Burroughs Corp., 619 F.2d 276 (3d Cir.1980).
In sum, we conclude that the fees of non-lawyer personnel may be properly requested as part of an attorney fee award. In this case, applying the factors and considerations listed above, we award $23,055.50 plus *1091 $1,633.74 as a reasonable attorney fee on appeal, together with $134.65 costs on appeal.
NOTES
[*] Editor's Note: The final modified state report pagination not available for advance sheet.
[1] In Boeing Co. v. Sierracin Corp., 108 Wash.2d 38, 64-65, 738 P.2d 665 (1987), the court upheld a fee award which included "clerk time" but the issue presented here was not discussed.