IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BARBARA COLEMAN as Administrator for the Estate of BRUCE COLEMAN, | No. 87069-6-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| AMERICAN COMMERCE INSURANCE, a subsidiary of MAPFRE S.A., a foreign corporation, | |
| Respondent. | |

DíAZ, J. — After American Commerce Insurance Company (ACIC) denied Bruce Coleman coverage for injuries he suffered in a vehicle collision, he sued his insurer, bringing various causes of action. Following a bench trial, the court found in his favor on liability, but did not award him the attorney fees and costs he sought. We remand this matter to the court to articulate more thoroughly the basis of its award of attorney fees and to recalculate its award of costs.

I.      BACKGROUND

In July 2010, Coleman was a passenger in a vehicle that was rear-ended and his injuries required surgery on his shoulder. Having fully paid his premiums,

he sought coverage of his medical expenses from his insurer ACIC in December 2010. ACIC denied coverage until November 2012 and paid his expenses in March 2013.

In 2016, Coleman sued ACIC under inter alia the Insurance Fair Conduct Act (IFCA), chapter 48.30.010-.015 RCW, seeking compensatory and exemplary damages, as well as attorney fees, costs, and expenses. In September 2022, ACIC made an offer of judgment for $100,000, inclusive of all damages and relief and any fees, expenses, and costs accrued to date.

The court conducted a bench trial in October 2022.[1] In May 2023, the court entered stipulated findings of fact and conclusions of law in favor of Coleman, concluding ACIC violated inter alia IFCA. It entered a $54,135.24 judgment against ACIC, plus attorney fees and costs, to be proposed by Coleman by motion. Neither party challenges those findings or that award in this appeal.

In June 2023, Coleman moved for an award of attorney fees alone in the amount of $463,296. Following argument in October 2023, the court granted Coleman's motion in part, awarding $125,000 in attorney fees, and ordering that he present a cost bill to ACIC for its consideration.

Later that month, Coleman moved for entry of costs in the amount of $56,682.44, comprised of $15,738.03 in statutory costs and $40,944.41 in actual litigation costs. The latter total included expert witness fees, costs incurred taking depositions and obtaining transcripts, as well as advancing costs to secure funding

---

[1] Bruce Coleman died three days after the trial concluded and, in March 2023, Barbara Coleman, in her capacity as administrator of his estate, substituted for Mr. Coleman as plaintiff. We will continue to refer to the appellant as Coleman.

to litigate the case to a verdict.

Agreeing with ACIC's argument that RCW 4.84.010 limits the allowance of costs to certain types of expenses, the court awarded costs in the amount of $13,007.66. Coleman timely appeals.

## II.     ANALYSIS

### A.     Articulating Reasons for Attorney Fee Award

Coleman argues that the court failed to sufficiently explain why it awarded only $125,000 in attorney fees, when it had requested $463,296.  ACIC responds that the court's attorney fee award was proper because it claims Coleman's request was unsupported, duplicative, erroneous, and reflected incompetent timekeeping.  ACIC does not respond as to the extent or sufficiency of the court's findings.

Three main points of law govern this issue.  First, this court follows the two-step "lodestar method" for determining reasonable attorney fees.  Broyles v. Thurston County, 147 Wn. App. 409, 452, 195 P.3d 985 (2008).  That is, the trial court multiplies "a *reasonable* hourly rate by the number of hours *reasonably* expended on the matter."  Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 149-50, 859 P.2d 1210 (1993).  Then, the court can adjust that total "either upward or downward to reflect other factors not already taken into consideration."  Broyles, 147 Wn. App. at 452.  The court may choose whether or not to adjust the lodestar calculation, for example, to account for either the risk to the lawyers in taking the case or to reflect their quality of work.  Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 599, 675 P.2d 193 (1983).  By way of another example, we have held

it is appropriate for a court to decide *not* to depart from a lodestar multiplier calculation if it finds the representation in a case had a significant effect on the lawyers' ability to work on other matters, or if they find the case constituted a risk to a firm if it did not recover—which might be the case if the matter is particularly unique or complex or a firm took it on a contingency basis. Broyles, 147 Wn. App. at 452-53.

Second, we are cognizant that our Supreme Court has held a court's exercise of the lodestar method is "necessarily an imprecise calculation and must largely be a matter of the trial court's discretion." Bowers, 100 Wn.2d at 598. Thus, this court generally will not disturb an award of attorney fees unless the trial court abused its discretion. Commc'n. Access Proj. v. Regal Cinemas, Inc., 173 Wn. App. 174, 219, 293 P.3d 413 (2013).

Third, however, the court must provide "sufficient information concerning its fee determination to enable meaningful appellate review." Progressive Animal Welfare Soc'y v. Univ. of Wash., 54 Wn. App. 180, 186, 773 P.2d 114 (1989) (PAWS). Courts are not expected to include "an explicit hour-by-hour analysis of each lawyer's time sheets." Id. at 187. But when, as here, a trial court awards a total amount of fees that is significantly lower than those requested, "it should at least indicate what part of the lawyer's work the court discounted as unnecessary or unreasonable, how much of the lawyer's hourly fee the court found excessive, or the manner by which the court reduced." Id. Even more specifically, "[a]n award of substantially less than the amount requested should indicate at least approximately how the court arrived at the final numbers, and explain why

4

discounts were applied." Absher Constr. Co. v. Kent Sch. Dist. No. 415, 79 Wn. App. 841, 848, 917 P.2d 1086 (1995).

Here, Coleman's request for fees was based on the lodestar method, i.e., he provided an hourly rate and the number of hours worked. Prior to announcing its ruling, the court laid out its general authority and sympathized that this was a unique case, complimenting Coleman's counsel and commenting that it saw merit in the argument from both sides. As far as we can tell, the following comments by the court represented its most specific basis for its ruling:

- "I do take into account the reasonableness of fees, and I'm familiar with the factors of [Washington Rule of Professional Conduct (RPC)] 1.5. Among those is the proportionality that an attorney fee be proportional with the damages recovered."[2]
- Its award was "a reasonable fee, recognizing hourly rates and all the other factors under RPC 1.5, the level of skill involved, the foregoing of other work, et cetera, et cetera."
- Its award resulted from "factoring in what I consider to be an equitable ruling, not a straight mathematical ruling, and dissecting each time entry."

The court's written order repeated that it had "determined a reasonable fee award is $125,000," adding no further explanation and incorporating its oral rulings by reference.

Again, the court was not required to conduct an entry-by-entry analysis of the time records Coleman provided. PAWS, 54 Wn. App. at 187. But its decision to cut Coleman's request by approximately 75 percent was undoubtedly a

---

[2] Washington RPC 1.5(a) states that a "lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses" and lays out "factors to be considered in determining the reasonableness of a fee." The court appears to be referring to the following factor in RPC 1.5(a)(4): "the amount involved and the results obtained."

"substantial" reduction. <u>Absher Constr. Co.</u>, 79 Wn. App. at 848. We hold that we cannot meaningfully review how the court reached this decision from this record.

First, it is unclear whether the court considered the hourly rate Coleman used in his lodestar analysis to be unreasonable. Seeking clarification of its ruling, Coleman asked the court if it had "a rate that [it] determine[d] is reasonable." The court responded that "the $450 rate . . . is not unreasonable, per se." This statement is equivocal and does not meet the requirement that the court find and multiply "a reasonable hourly rate by the number of hours reasonably expended on the matter." <u>Broyles</u>, 147 Wn. App. at 452 (emphasis omitted). There is no finding the rate was reasonable. There is no finding the number of hours expended was reasonable. At most, it only serves to indicate what the court did *not* base its reduction on. The court does not identify "what part of the lawyer's work the court discounted as unnecessary or unreasonable, how much of the lawyer's hourly fee the court found excessive, or the manner by which the court reduced." <u>PAWS</u>, 54 Wn. App. at 187.

Moreover, such claims were squarely before the court during oral argument. ACIC asked the court to issue an award that "reflect[s] the unsuccessful claims, the unsuccessful motions, and all the unsuccessful work that was just done to stay busy." <u>Bowers</u>, 100 Wn.2d at 597 (a court "should therefore discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time."). It is unclear to us whether any of this factored into the court's lodestar analysis.

As to the manner by which the court reduced the award, we recognize that the court appeared to consider the fees sought disproportionate to the judgment.

But the court nowhere explained *how* it arrived at the factor (approximately 3:1) by which it reduced the fees. It merely held that it was "factoring in what [it] consider[ed] to be an equitable ruling." While it may reasonably believe the fees are disproportionate and thus inequitable, the court must still explain the "manner" it reduced Coleman's request. PAWS, 54 Wn. App. at 187.

"[T]he absence of an adequate record upon which to review a fee award will result in a remand of the award to the trial court to develop such a record." Mahler v. Szucs, 135 Wn.2d 398, 435, 957 P.2d 632 (1998); Peiffer v. Pro-Cut Concrete Cutting & Breaking Inc., 6 Wn. App. 2d 803, 834, 431 P.3d 1018 (2018) ("The trial court's reduction of the lodestar figure without explanation other than that it found $50,000 to be a reasonable amount requires remand."). Thus, we remand this matter to the trial court with instructions for it to make specific findings as to the (1) reasonableness of Coleman's counsels' hourly rate, (2) the hours they reasonably expended, and, should it choose to substantially reduce its requested fees, (3) an explanation of why and how it arrived at its reduction.

B.    Awardable Costs set out by RCW 48.30.015(3)

Following the dispute on attorney fees, Coleman sought all "actual and statutory litigation costs" awardable under RCW 48.30.015(3) because the court found ACIC acted unreasonably in denying a claim for coverage and thus violated IFCA. There is no dispute that the court found an IFCA violation.

The court agreed with ACIC's argument that RCW 4.84.010 limited any award of costs. In the hearing on Coleman's motion for costs, the court ruled that:

> I do remember saying specifically to Counsel at this point, the cost, this shouldn't be really hard work, because the costs that I'm saying

you need to still present are those that are recoverable under 4.84.010. . . . I'm more persuaded by [ACIC]'s argument and his calculation of those costs, which include the classically granted ones under the applicable statute.[3]

On appeal, Coleman argues the court erred by limiting his costs to those recoverable under RCW 4.84.010, thereby excluding expert witness fees, for example. In response, ACIC abandons its previous reliance on RCW 4.84.010 and argues the court properly limited the cost award pursuant to RCW 4.84.030, as well as CR 68. Its response brief never references RCW 4.84.010 or RCW 48.30.015. We address each in turn, the contentions that RCW 4.84.010 and RCW 4.84.030 or CR 68 may limit the award of costs set out in RCW 48.30.015(3).[4]

First, RCW 4.84.010 does indeed provide for particular kinds of fees and expenses and does not include expert witness fees. But this court has specifically held that RCW 4.84.010 does not apply or serve to limit what is awardable where a specific rule or statute expressly authorizes expanded cost recovery. Johnson v. Horizon Fisheries, LLC, 148 Wn. App. 628, 634, 201 P.3d 346 (2009). IFCA is

---

[3] The court also stated that it had factored "all of the other so-called—what we might call legal expenses or costs" into its earlier $125,000 attorney fee award. It is unclear what this statement means and what kind of "legal expenses or costs" are meant. To the extent there are expenses or costs factored into the fees award to be recalculated, the court must explain what those are.

[4] We are cognizant that this court reviews an award of statutory fees and costs for an abuse of discretion. SentinelC3, Inc. v. Hunt, 181 Wn.2d 127, 144, 331 P.3d 40 (2014). Reversal is required when the trial court's decision is "manifestly unreasonable, exercised on untenable grounds, or exercised for untenable reasons." Id. A trial court abuses its discretion when, as here, it "bases its ruling on an erroneous view of the law." Gildon v. Simon Prop Group, Inc., 158 Wn.2d 483, 494, 145 P.3d 1196 (2006); see also Johnson v. Horizon Fisheries, LLC, 148 Wn. App. 628, 633, 201 P.3d 346 (2009) (holding that we review the trial court's interpretation of cost provisions and the application of court rules to particular facts de novo).

one such statute, when it mandates that:

> The superior court shall, after a finding of unreasonable denial of a claim for coverage or payment of benefits, or after a finding of a violation of a rule in subsection (5) of this section, award reasonable attorneys' fees and *actual and statutory litigation costs, including expert witness fees*, to the first party claimant of an insurance contract who is the prevailing party in such an action.

RCW 48.030.015(3) (emphasis added). In other words, plaintiffs who succeed on insurance claims cases are meant to recover those costs necessary to make themselves whole, beyond only statutory litigation costs and inclusive of expert witness fees. Panorama Vill. Condo. Owners Ass'n Bd. Of Dirs. v. Allstate Ins. Co., 144 Wn.2d 130, 144, 26 P.3d 910 (2001) ("The insured must therefore be compensated for *all* of the expenses necessary to establish coverage as part of those attorney fees which are reasonable"). Thus, it was error for the court to hold that RCW 4.84.010 or .030 limits the award of costs.

As to CR 68, ACIC claims that Coleman is not even entitled to those costs the court did grant because he was not the prevailing party after rejecting ACIC's $100,000 offer of judgment and ultimately receiving only $54,135.24 in damages. Relying on Tippie v. Delisle, 55 Wn. App. 417, 777 P.2d 1080 (1989), ACIC asserts that a party who rejects a CR 68 offer and obtains a judgment less than that offer cannot be considered a prevailing party for purposes of RCW 4.84.030. But, as with RCW 4.84, CR 68 does not limit the more specific mandate of RCW 48.030.015(3). CR 68 simply states that where, as here, a judgment obtained is less than the offer of judgment, the offeree must pay the offeror its costs incurred after the making of the offer. Nothing in the plain language of CR 68 serves to limit cost recovery under IFCA. We hold that CR 68 is immaterial to whether or not an

9

insurer "unreasonable[y] deni[ed] a claim for coverage or payment of benefits," which is all RCW 48.030.015(3) requires to entitle the insured to non-statutory costs. And, our Supreme Court has held that, in general, a prevailing party is simply the party who receives a judgment in its favor. Douglass v. Shamrock Paving, Inc., 189 Wn.2d 733, 745, 406 P.3d 1155 (2017).

We hold that the court erred in limiting Coleman's recoverable costs to those enumerated in 4.84.010. We remand this matter to the trial court to award all costs or fees contemplated by RCW 48.30.015.

C.     Attorney Fees on Appeal

Coleman requests his reasonable attorney fees and costs on appeal. ACIC does not respond to Coleman's requests for fees and costs on appeal.

RAP 18.1(a) allows this court to award attorney fees and costs on appeal "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses." A "prevailing party may recover attorney fees authorized by statute, equitable principles, or agreement between the parties." Thompson v. Lennox, 151 Wn. App. 479, 484, 212 P.3d 597 (2009). In general, where a prevailing party is entitled to attorney fees below, they are entitled to attorney fees if they prevail on appeal. Richter v. Trimberger, 50 Wn. App. 780, 786, 750 P.2d 1279 (1988). This court may "direct" the trial court to award appellate fees and expenses in its determination on remand. Lennox, 151 Wn. App. at 485; RAP 18.1(i).

In agreeing with Coleman's assignments of error as provided above, we further conclude he has the right to recover all reasonable fees and costs incurred on appeal and direct the trial court to award them. Panorama Vill. Condo. Owners

10

Ass'n Bd. Of Dirs., 144 Wn.2d at 145 (granting costs and reasonable attorney fees on appeal).

III.    <u>CONCLUSION</u>

We remand this case to the trial court for further proceedings consistent with this opinion.

Díaz, J.

WE CONCUR:

Feldman, J.

Chung, J.