# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>ASHLEY E. BURKS,<br><br>                     Appellant,<br><br>     v.<br><br>TRENT P. NELSON,<br><br>                    Respondent. | No.  59549-4-II<br><br><br>UNPUBLISHED OPINION |

CHE, J. — Ashley Burks appeals the trial court's order awarding her only $4,642.55 in attorney fees and costs.

Following Burks' and Trent Nelson's divorce, Nelson filed a motion to apportion tax liability. The trial court denied the motion. Burks claimed her total attorney fees and costs incurred in responding to the motion were $34,599.30. However, the trial court awarded her only $4,642.55, based upon the costs necessary for her to prepare a subpoena, attend a deposition, and transcribe the deposition.

Burks argues that the trial court abused its discretion in limiting her award and not awarding her the total attorney fees and costs incurred, or alternatively, that the trial court failed to establish an adequate record to permit review of its award. Both parties request attorney fees on appeal.

We hold that the trial court did not abuse its discretion in awarding Burks $4,642.55 for attorney fees and costs. Additionally, we hold that the trial court established an adequate record

to permit review of the attorney fees and costs award. Finally, we deny both parties' requests for attorney fees on appeal.

Accordingly, we affirm.

FACTS

Burks and Nelson divorced in 2022. Their final divorce order awarded Burks a portion of stock assets owned by Nelson. However, in violation of an earlier order restraining transfer of assets, Nelson had already liquidated a significant portion of the stock assets at issue. The trial court found Nelson in contempt and required Nelson to exercise additional stock options so Burks could receive the number of shares to which she was entitled. In exercising his options, and thus acquiring the required shares, Nelson incurred a tax liability. In its order finding Nelson in contempt, the trial court determined Burks was entitled to attorney fees "pursuant to statute." Clerk's Papers (CP) at 247. The trial court awarded Burks attorney fees in the final divorce order. Afterward, Nelson communicated with Calyn Miller, a certified public accountant, regarding his tax liability. Nelson then filed a motion to apportion tax liability, requesting that the trial court order Burks to reimburse him for the full amount of the tax liability. Nelson attached Miller's supporting declaration. In response to Nelson's motion, Burks requested reimbursement of expenses incurred for responding to the motion.

The trial court found "Miller's Declaration in Support of the Motion to Apportion Tax Liability was confusing at best and misleading at worst." CP at 385. The declaration lacked clarity regarding the nature of the tax liabilities (individual or joint income tax, or capital gains), at what stage of Nelson's actions the tax liabilities were incurred (sale, transfer, or acquisition of shares), and whether the tax allocations were accurate at different stages of the dissolution. To

2

resolve the confusion, the trial court ordered "limited discovery," authorizing Burks to subpoena Miller "for all information pertaining to" Miller's declaration and to depose Miller. CP at 385, 321. Burks subpoenaed Miller's tax file on Nelson and later deposed Miller.

During his deposition, Miller clarified that the tax liability incurred by Nelson was a result of exercising Nelson's stock options—after Nelson wrongfully liquidated shares—so Nelson could comply with the stock asset distribution required by the final divorce order.

In its oral ruling at a subsequent hearing, the trial court found "that the motion to apportion tax liability was an attempt to obfuscate and manipulate the Court's terms and words."[1] Rep. of Proc. (Mar. 22, 2024) (Hr'g on Mot. to Apportion Tax Liab.) (RP) at 13. The trial court continued:

> I don't conclude [Nelson's motion] is necessarily in bad faith, but I do find that an award of fees is in order [for Burks], and I'm going to award fees attributable for preparing the subpoena, attending the deposition, and the cost of the deposition and transcribing it. I'm limiting the award to that. That information was necessary to resolve what, at best, was a declaration that was obscure and, at [worst], was misleading.

RP at 13. In its written findings of fact, the trial court further found, "[Nelson's] motion lacks good faith and/or an award of reasonable attorneys' fees to [Burks] for costs of discovery of the tax issues is equitable." CP at 387. The trial court denied Nelson's motion.

Burks' attorney submitted an affidavit describing the fees associated with responding to Nelson's tax motion. According to the affidavit, the total fees and costs attributable to the tax

---

[1] More than one year earlier, at a separate hearing, the trial court had commented that it "'certainly did not mean to foist the tax responsibility of *liquidating* the entirety [of shares owed to Burks] upon . . ., Mr. Nelson.'" CP at 382. However, the trial court made this comment in reference to the possibility that Nelson could incur a capital gains tax attributable to transferring shares to Burks. The comment did not pertain to "income tax imputed at the time of the acquisition of the" shares, which is what occurred here. CP at 383.

motion were $34,599.30. The trial court found, "[g]iven the need for discovery and a deposition, the fees incurred by [Burks'] counsel are reasonable and should be reduced to judgment in the amount of $3,598.50, plus the cost of deposition transcript of $1,044.05." CP at 387. The court awarded Burks a total amount of $4,642.55.

Burks appeals.

## ANALYSIS

### I. TRIAL COURT'S AWARD OF ATTORNEY FEES AND COSTS

Burks argues the trial court abused its discretion by limiting her attorney fees and costs award to only $4,642.55 of the total $34,599.30 of fees she incurred. Alternatively, she argues the trial court failed to establish an adequate record to permit review of such a limitation.

A.      *Limitation of Attorney Fees and Costs*

Burks argues the trial court abused its discretion when it limited her attorney fees award to only $4,642.55.[2] We disagree.

A trial court's decision to award or deny attorney fees is subject to a two-part standard of review. *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). "[W]e review de novo whether there is a legal basis for awarding attorney fees . . . and [ ] we review a discretionary decision to award or deny attorney fees and the reasonableness of any attorney fee award for an abuse of discretion." *Id.*

---

[2] Nelson counters that Burks' argument for attorney fees below was so fleeting that she did not properly preserve it under RAP 2.5. We disagree. RAP 2.5(a) grants appellate courts discretion to "refuse to review any claim of error which was not raised in the trial court." Burks repeatedly requested attorney fees in motion documents and she requested them at the hearing on the merits. We conclude that Burks properly preserved the issue.

Regarding whether there is a legal basis for awarding attorney fees, Washington courts follow the "American rule," under which, "recovery of attorney fees in a civil action is the exception, not the rule." *Dalton M, LLC v. N. Cascade Tr. Servs., Inc.*, 2 Wn.3d 36, 48, 56, 534 P.3d 339 (2023). Attorney fees are not available "'absent a contract, statute, or recognized ground in equity.'" *Id.* at 56 (quoting *City of Seattle v. McCready*, 131 Wn.2d 266, 275, 931 P.2d 156 (1997)).

Regarding whether to deny or grant, and the reasonableness of, an award of attorney fees, "[a] trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons." *In re Marriage of Laidlaw*, 2 Wn. App. 2d 381, 392, 409 P.3d 1184 (2018). "[A] reviewing court may look to the trial court's oral ruling to interpret written findings and conclusions." *State v. Hescock*, 98 Wn. App. 600, 606, 989 P.2d 1251 (1999) (citing to *State v. Bynum*, 76 Wn. App. 262, 266, 884 P.2d 10 (1994).

Here, neither party challenges whether the trial court had a legal basis to award attorney fees or whether the court should have awarded attorney fees. Instead, the issue is whether the trial court abused its discretion in awarding Burks only $4,642.55 in attorney fees and costs.

The trial court calculated its award based on the expenses associated with preparing the subpoena of Miller's file as well as deposing Miller, consistent with its initial order for "limited discovery." CP at 385. In its oral ruling, the trial court stated, "I'm going to award fees attributable for preparing the subpoena, attending the deposition, and the cost of the deposition and transcribing it. I'm limiting the award to that. That information was necessary to resolve what, at best, was a declaration that was obscure and, at [worst], was misleading." RP at 13. In its written findings, the court wrote, "[g]iven the need for discovery and a deposition, the fees

incurred by [Burks'] counsel are reasonable and should be reduced to judgment in the amount of $3,598.50, plus the cost of deposition transcript of $1,044.05." CP at 387. Because the trial court's oral ruling was more specific than its written findings, without contradicting those findings, we can use it to interpret what the trial court meant by "discovery and a deposition." CP at 387. Thus, we understand the trial court awarded Burks only that portion of her total fees which was attributable to preparing the subpoena, attending the deposition, and transcribing the deposition.

The trial court's decision to limit the fee award in this way was both reasonable and tenable. Miller's declaration created a vital question of whether Burks was legally responsible for any or all of Nelson's tax liability. Thus, after determining that Burks was not responsible for any portion of Nelson's tax liability, the trial court reasonably decided that the costs of preparing the subpoena, deposing Miller, and transcribing the deposition—all done for purposes of clarifying Miller's declaration—were expenses for which Nelson owed attorney fees to Burks. Further, Burks' attorney submitted an affidavit detailing the discrete costs of her representation, allowing the trial court to identify those expenses specifically related to preparing the subpoena, deposing Miller, and transcribing the deposition, from any others. Thus, the attorney fees limitation was both reasonable and tenable, and the trial court did not abuse its discretion.

Notwithstanding the trial court's reasons for limiting her attorney fees award, Burks argues the trial court abused its discretion both because RCW 26.09.140 authorizes a trial court to reimburse the reasonable cost incurred by a party and because neither party requested attorney fees subject to any sort of limitation. Both arguments are unavailing for the same reason: a trial court's decision to award fees is discretionary.

RCW 26.09.140 states in part:

> The court *from time to time* after considering the financial resources of both parties *may* order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorneys' fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.

(Emphasis added.)

Although RCW 26.09.140 authorizes a trial court to award a reasonable amount for the cost of maintaining or defending any proceeding and for attorney fees, the statute certainly does not require a trial court to do so. This is indicated by the first sentence of the statute, which includes, "from time to time*"* and "may." Similarly, a party's choice to request fees and costs has no bearing on the trial court's discretion to award less than the full amount requested or limit the fees and costs, as it did here. Thus, these arguments fail.

Next, Burks argues there is no way to rationally segregate Miller's deposition from the time spent responding to the motion. We disagree. The trial court's reasoning in awarding fees only incurred by preparing the subpoena, attending the deposition, and transcribing the deposition was, in fact, rational. The court limited the award to those three tasks because they were "necessary to resolve" the confusion surrounding Miller's declaration and were consistent with the court's order for "limited discovery." RP at 13, 11. Further, Burks' billing details

allowed the court to identify the relevant amounts. It was, therefore, reasonable for the trial court to award only a limited amount of attorney fees and costs.[3]

Even if we do not agree with the exact amount of attorney fees awarded by a trial court, we review the decision to grant, and the reasonableness of, attorney fees for abuse of discretion. *Gander*, 167 Wn. App. at 647. Thus, because the trial court's decision to award Burks $4,642.55 was not manifestly unreasonable or based on untenable grounds or reasons, we hold that the trial court did not abuse its discretion in limiting Burks' award.

B.      *Adequacy of the Record*

Alternatively, Burks argues that the trial court failed to establish an adequate record to permit review of its limitation of her attorney fees award. We disagree.

"When awarding attorney fees, a trial court must enter 'findings of fact and conclusions of law to establish an adequate record on review.'" *Copper Creek Homeowners Ass'n v. Kurtz*, 1 Wn.3d 711, 724, 532 P.3d 601 (2023) (internal quotation marks omitted) (quoting *AllianceOne Receivables Mgmt., Inc. v. Lewis*, 180 Wn.2d 389, 393 n.1, 325 P.3d 904 (2014)). Regardless of how a trial court computes an award of attorney fees, it "must provide sufficient information concerning its fee determination to enable meaningful appellate review." *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 54 Wn. App. 180, 186, 773 P.2d 114 (1989), *rev'd on other*

---

[3] Relatedly, Burks appears to argue that the trial court abused its discretion either by making no finding of bad faith or by basing its attorney fee award upon a limited finding of bad faith. This argument fails. In this case, the trial court specifically made no finding of bad faith. See RP at 13 ("I don't conclude it is necessarily in bad faith") and CP at 387 (finding of fact noting the motion "lack[ed] good faith"). Moreover, Burks did not assign error to any of the trial court's findings of fact. Because unchallenged findings are verities on appeal, we refuse to infer bad faith, and Burks' argument fails. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 808, 828 P.2d 549 (1992).

*grounds*, 114 Wn.2d 677, 790 P.2d 604 (1990).  However, "[t]he determination of the fee award should not become an unduly burdensome proceeding for the court or the parties. . . . An award of substantially less than the amount requested should indicate at least approximately how the court arrived at the final numbers, and explain why discounts were applied."  *Absher Const. Co. v. Kent School Dist. No. 415*, 79 Wn. App. 841, 848, 917 P.2d 1086 (1995) (citing *Progressive Animal Welfare Soc'y*, 54 Wn. App. at 187).

Here, the trial court adequately explained the method it used to determine Burks' fees award.  The trial court conferred the award based on Burks' expenses incurred preparing the subpoena of Miller's files, deposing Miller, and transcribing the deposition.  The trial court stated, "I'm limiting it to that." RP at 13.  In its written findings, the court specified that $1,044.05 of the total award was attributed to "the cost of deposition transcript," which was included in Burks' total claimed fees of $34,599.30.  CP at 387.  And based on the billing details, the $3,598.50 attorney fees award is reasonable considering the expenses she incurred solely on the basis of preparing the subpoena and attending the deposition.

Burks also contends that the record is inadequate because it is unclear to what extent bad faith affected the award, the trial court did not identify the exact time entries it was reimbursing, and it is unclear if Nelson's financial circumstances influenced the award limitation.  We find these arguments unpersuasive.

First, as previously noted, the trial court made no finding of bad faith by Nelson.  Second, the trial court is not obligated to identify on the record each discrete time entry it reimburses.  Instead, the trial court is only required to indicate at least approximately how it arrived at its final award amount, which it did here.  See *Absher Const. Co.*, 79 Wn. App. at 848.  Third, Burks

points to the trial court's acknowledgement of Nelson's job loss and argues it is unclear whether that influenced the final attorney fees award. But as already stated, the award was made to reimburse the costs of preparing the subpoena and attending and transcribing the deposition. Burks makes no connection between the trial court's acknowledgement and its limitation of her attorney fees award. Therefore, these arguments fail.

Thus, the trial court provided a sufficient record to indicate at least approximately how it arrived at its final attorney fees award amount, and we affirm its award of $4,642.55 in total attorney fees and costs to Burks.

## II. ATTORNEY FEES ON APPEAL

Finally, both parties request attorney fees on appeal, pursuant to RAP 18.1 and RCW 26.09.140. We deny both requests.

Under RAP 18.1(a), we may award attorney fees and costs "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." RCW 26.09.140 allows an appellate court, in its discretion, to "order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs." "A request for appellate attorney fees requires a party to include a separate section in her or his brief devoted to the request." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012). "Argument and citation to authority are required under the rule to advise the court of the appropriate grounds for an award of attorney fees as costs." *Id*.

Burks provides no argument, but she cites RCW 26.09.140 and bad faith litigation as grounds for fees on appeal. Because Burks provides no argument as to why she is entitled to attorney fees on appeal based on either of those authorities, we deny her attorney fees request.

Nelson also requests attorney fees on appeal under RCW 26.09.140 and argues Burks' financial resources "far outweigh" his own. Br. of Resp't at 31. Moreover, he argues that based on his own need and Burks' ability to pay, he should be awarded fees. However, because Nelson failed to file a financial affidavit in accordance with RAP 18.1(c), we deny his request for attorney fees as well.

## CONCLUSION

We hold that the trial court did not abuse its discretion in awarding Burks $4,642.55 for attorney fees and costs. Additionally, we hold that the trial court established an adequate record to permit review of the attorney fees and costs award. Finally, we deny both parties' requests for attorney fees on appeal.

We affirm the trial court's order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Cruser, C.J.

Veljacic, J.